Samuel R. Maizel (CA Bar No. 189301)
Malhar S. Pagay (CA Bar No. 189289)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:      smaizel@pszjlaw.com
             mpagay@pszjlaw.com

Attorneys for Gordian Medical, Inc.,
dba American Medical Technologies,
Debtor and Debtor in Possession



**FILED & ENTERED**

**MAY 08 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte      **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>GORDIAN MEDICAL, INC., dba American Medical Technologies,<br><br>                Debtor | Case No.: 8:12-bk-12339-MW<br><br>Chapter 11<br><br>**ORDER APPROVING SETTLEMENT BETWEEN THE DEBTOR AND UNITED STATES OF AMERICA ON BEHALF OF THE INTERNAL REVENUE SERVICE**<br><br>**[Relates to Docket No. 1416]**<br><br>**Hearing Date:**<br>**Date:**     May 6, 2015<br>**Time:**     2:00 p.m.<br>**Place:**    Courtroom 6C<br>             411 West Fourth Street<br>             Santa Ana, CA  92701<br><br>**Judge:**    **Hon. Mark Wallace** |

      The Court has considered the Motion for Order Approving Settlement Between the Debtor and United States of America on Behalf of the Internal Revenue Service (the "IRS Settlement Motion") [Docket No.1416] filed by Gordian Medical, Inc. dba American Medical Technologies, the debtor and debtor in possession in the above-captioned case (the "Debtor").  Unless otherwise defined herein, capitalized terms have the meaning ascribed to them in the IRS Settlement Motion.  Samuel R. Maizel of Pachulski Stang Ziehl & Jones LLP appeared on behalf of the Debtor.  Robert

DOCS_LA:288125.1 03717/002

1  F. Conte of the United States Attorney's Office, Tax Division, appeared on behalf of the United

2  States of America and the Internal Revenue Service.  Other appearances were made as reflected in

3  the record.  Based upon the Court's review and consideration of the IRS Settlement Motion, the

4  other records and pleadings filed in the case, the Settlement Agreement in the form of a stipulation

5  attached as **Exhibit 1** to the IRS Settlement Motion, and the statements of counsel at the hearing on

6  the Motion, and no objections having been filed and good cause appearing therefor,

7  **IT IS HEREBY ORDERED:**

8  1. The IRS Settlement Motion is granted.

9  2. The Debtor is authorized to enter into the Settlement Agreement attached hereto as

10 **Exhibit 1** and take any and all actions reasonably necessary to effectuate the Settlement Agreement.

11 3. The Court shall retain jurisdiction to hear all disputes arising from this Order or the

12 Settlement Agreement.

13 ###

Date: May 8, 2015

Mark S. Wallace
United States Bankruptcy Judge

DOCS_LA:288125.1 03717/002                 2

# EXHIBIT 1

Samuel R. Maizel (CA Bar No. 189301)
Malhar S. Pagay (CA Bar No. 189289)
Jeffrey L. Kandel (CA Bar No. 115832)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   smaizel@pszjlaw.com
          mpagay@pszjlaw.com
          jkandel@pszjlaw.com

Attorneys for Gordian Medical, Inc., d/b/a American
Medical Technologies, Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No.: 08:12-bk-12339-MW |
| GORDIAN, MEDICAL, INC., d/b/a American Medical Technologies | Chapter 11 |
| Debtor. | **STIPULATION OF SETTLEMENT BETWEEN THE DEBTOR AND THE U.S. INTERNAL REVENUE SERVICE** |
| | **Hearing:**<br>Date:     March 4, 2015<br>Time:    2:00 p.m.<br>Place:   Courtroom 6C<br>             411 West Fourth Street<br>             Santa Ana, CA  92701-4593 |
| | Judge:   Hon. Mark S. Wallace |

**TO THE HONORABLE MARK WALLACE, UNITED STATES BANKRUPTCY JUDGE; THE UNITED STATES ON BEHALF OF THE U.S. INTERNAL REVENUE SERVICE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND PARTIES REQUESTING SPECIAL NOTICE:**

Gordian Medical, Inc., the debtor and debtor in possession (the "Debtor"), and the United States on Behalf of the U.S. Department of Treasury, and its designated component, the Internal Revenue Service ("IRS") ("IRS" and the "Debtor" shall be collectively referred to as the "Parties") by and through their respective counsel, hereby stipulate and agree as follows in accordance with the

DOCS_LA:284796.2 03717/002

following recitals.

**RECITALS**

A.   On February 24, 2012, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Central District of California – Santa Ana Division (the "Court").

B.   On December 6, 2012 the Internal Revenue Service ("IRS") filed a claim, assigned claim number 53-1 (the "Claim"), in the amount of $17,786,989.40 of which $14,817,212.90 was listed as a priority unsecured claim and $2,969,776.50 was listed as a general unsecured claim.  The Claim relates solely to the unassessed federal corporate income taxes of American Medical Technologies, Inc. (EIN 84-1272393) ("AMT"), a non-debtor entity, for the 2005, 2006, 2007, 2008, and 2011 tax years.  The IRS asserted these liabilities against the Debtor based upon a theory of successor-in-interest liability.  On December 14, 2012, the Debtor objected to the Claim as being late filed but the Court ultimately held that the Claim could be late filed due to excusable neglect.  While the Court allowed the Claim to be filed late, it has not ruled on the merits of the Claim, and the Debtor has reserved all rights to object to the merits of the Claim.   However, the Parties have reached an agreement regarding the Claim, which is demonstrated in Exhibits A and B hereto (correspondence between the counsel for the Debtor and counsel for the IRS).

C.   The Debtor filed its original Plan of Reorganization [Dated August 23, 2013] (the "Original Plan") [Docket No. 685] but the hearing on confirmation of the Original Plan has been continued numerous times in order to facilitate a resolution of the disputes between the Debtor and various government entities, including the IRS. On January 13, 2015 the Debtor filed its First Amended Plan of Reorganization (the "Amended Plan") [Docket No. 1395], which is now set for confirmation on March 4, 2015. Confirmation of the Amended Plan is contingent upon, among other things, the Court entering an order approving the settlement between the Debtor and the IRS.

**STIPULATION**

1.   The undersigned Parties hereby stipulate and agree as follows:

  a.   The IRS shall be paid $9,847,118 (the "Settlement Amount"), as set forth in full satisfaction of the Claim and any other claims or causes of action the IRS holds or might assert

DOCS_LA:284796.2 03717/002                      2

against the Debtor that relates to or arises out of the Claim.

b.  On the effective date of the Amended Plan or any other confirmed plan of reorganization, the Debtor shall pay to the United States $6,732,041 to be credited against the Settlement Amount.  Payment shall be made through a check or money order made payable to the "Department of the Treasury" and bearing the Debtor's EIN and sent by overnight delivery service to:

> U.S. Department of Justice Tax Division
> Attn:  Financial Litigation Unit
> 555 4th Street, NW
> Room #6647
> Washington, DC  20001

c.  The IRS will apply to the Settlement Amount the following overpayments from the Debtor's Form 1120 accounts:  (i) overpayment in the amount of $557,520 for the Debtor's fiscal year ending March 31, 2010, (ii) overpayment in the amount of $331,000 for the Debtor's fiscal year ending March 31, 2011, and (iii) overpayment in the amount of $2,226,557 for the Debtor's fiscal year ending March 31, 2012, for a total to be applied of $3,115,077 (collectively, the "Offsets").

d.  The Offsets are all prepetition overpayments, and, on the effective date of any confirmed plan of reorganization, the IRS may setoff and credit the Offsets towards the prepetition federal corporate income tax liabilities of AMT that are listed in the Claim.

e.  The settlement offer, if accepted is not a final settlement of the Debtor's liability, if any, for any taxes or periods not listed in the Claim.

f.  The settlement is contingent upon the following events:  (i) final approval of this Settlement by the Court either through confirmation of a plan of reorganization or through approval of a motion brought pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, (ii) final approval of a settlement between the Debtor and the Centers for Medicare & Medicaid Services ("CMS") resolving disputes between the Debtor and CMS over Claim Nos. 51-1, 51-2 and 52-1 filed in the above-referenced bankruptcy case by the United States on Behalf of the U.S. Department of Health & Human Services and CMS; and (iii) approval by the IRS of a pending offer-in-compromise submitted by AMT on June 6, 2014 (the "AMT Offer-in-Compromise"),

DOCS_LA:284796.2 03717/002        3

whereby AMT would pay $2,000,000 to the IRS to resolve the liability that remains after the Debtor has completed the terms of this Settlement. (AMT has already paid $400,000 as a deposit when it submitted the AMT Offer-in-Compromise.) The Parties acknowledge that although the IRS has indicated that it is prepared to accept the AMT Offer-in-Compromise, the Offer cannot be finalized until AMT executes the Forms 866 discussed below, and the Settlement Amount is applied towards the AMT liabilities.

  g. The Debtor concedes the amounts of the underlying tax liabilities and penalties listed in the Claim.

  h. The Debtor concedes that it is the successor-in-interest to AMT.

  i. AMT will execute IRS Forms 866 (Agreement as to Final Determination of Tax Liability) for the 1994 through 2011 tax years, in which AMT will concede the amounts of the taxes and penalties listed in the Claim.

  j. The settlement is contingent upon the IRS agreeing that (i) if both this Settlement and the AMT Offer-in-Compromise are completed (that is, the Settlement is paid in full and the AMT Offer-in-Compromise is accepted and paid in full), then AMT and the Debtor would not have any additional federal corporate income tax liability related to the operations of AMT for the years 1994 through 2011, subject to certain carve outs and restrictions that are standard in government settlement documents and in the AMT Offer-in-Compromise, including fraud or a material misrepresentation; (ii) if AMT and the Debtor no longer have any federal corporate income tax liability related to AMT's operations from 1994 through 2011, then there would be no flow-through income tax liability to assert against Gerald Del Signore, Jean Del Signore or Joseph Del Signore for these same operations, and (iii) if this Settlement and the AMT Offer-in-Compromise are completed, Gerald Del Signore, Jean Del Signore or Joseph Del Signore would not have any additional personal income tax liability for flow-through income for the Debtor and or AMT's operations from 1994 through 2011.

  k. The Debtor waives any right to appeal or file a claim for refund based on or arising from the taxes included in the Claim.

Case 8:12-bk-12339-MW    Doc 1473    Filed 05/08/15    Entered 05/08/15 14:56:40    Desc
Main Document    Page 8 of 8

2. This is the full and complete settlement agreement of the parties, and each party has entered into this agreement voluntarily and without duress. This agreement may not be amended without the express prior written consent of the parties.

3. Any disputes regarding this agreement shall be governed by federal law.

4. This agreement is binding on the parties' successors and assigns.

5. Each party shall bear its own costs and expenses, including attorneys' fees, in connection with the negotiation, preparation and performance of this settlement agreement.

6. This agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

7. This Stipulation is subject to the approval of the Court and is of no force and effect until so approved.

Dated: February 11, 2015

PACHULSKI STANG ZIEHL & JONES LLP

By: _____
Samuel R. Maizel

Attorneys for Gordian Medical, Inc., dba American Medical Technologies

Dated: February 11, 2015

UNITED STATES ATTORNEY'S OFFICE
TAX DIVISION

By: _____
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
ROBERT F. CONTE
Assistant United States Attorney
Attorneys for the United States of America,
On behalf of the Internal Revenue Service