Samuel R. Maizel (CA Bar No. 189301)
Malhar S. Pagay (CA Bar No. 189289)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:       smaizel@pszjlaw.com
              mpagay@pszjlaw.com

Attorneys for Gordian Medical, Inc.,
dba American Medical Technologies,
Debtor and Debtor in Possession



**FILED & ENTERED**

**MAY 08 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte    **DEPUTY CLERK**

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 8:12-bk-12339-MW |
| GORDIAN MEDICAL, INC., dba American Medical Technologies, | Chapter 11 |
| | **ORDER APPROVING SETTLEMENT BETWEEN THE DEBTOR AND THE FRANCHISE TAX BOARD** |
| Debtor | **[Relates to Docket No. 1417]** |
| | **Hearing Date:**<br>**Date:**   May 6, 2015<br>**Time:**   2:00 p.m.<br>**Place:**  Courtroom 6C<br>            411 West Fourth Street<br>            Santa Ana, CA  92701<br><br>**Judge:**   Hon. Mark Wallace |

  The Court has considered the *Motion for Order Approving Settlement Between the Debtor and the Franchise Tax Board* (the "FTB Settlement Motion") [Docket No.1416] filed by Gordian Medical, Inc. dba American Medical Technologies, the debtor and debtor in possession in the above-captioned case (the "Debtor").  Unless otherwise defined herein, capitalized terms have the meaning ascribed to them in the FTB Settlement Motion.  Samuel R. Maizel of Pachulski Stang Ziehl & Jones LLP appeared on behalf of the Debtor.  Lisa Chao of the California Department of Justice appeared on behalf of the Franchise Tax Board.  Other appearances were made as reflected in the record.

DOCS_LA:288127.1 03717/002

Based upon the Court's review and consideration of the FTB Settlement Motion, the other records and pleadings filed in the case, the Revised Settlement Agreement filed on April 30, 2015 [Docket No. 1472], and the statements of counsel at the hearing on the Motion, and no objections having been filed and good cause appearing therefor,

**IT IS HEREBY ORDERED**:

1. The FTB Settlement Motion is granted.

2. The Debtor is authorized to enter into the Revised Settlement Agreement (a form of which is attached hereto as **Exhibit 1**) and take any and all actions reasonably necessary to effectuate the Settlement Agreement.

3. The Court shall retain jurisdiction to hear all disputes arising from this Order or the Revised Settlement Agreement.

###

Date: May 8, 2015

Mark S. Wallace
United States Bankruptcy Judge

# EXHIBIT 1

SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into this ___ day of May 2015, by Gordian Medical, Inc., dba American Medical Technologies ("Gordian"), the debtor and debtor in possession in Case No. 8:12-bk-12339 (the "Case") before the United States Bankruptcy Court for the Central District of California (the "Court"), American Medical Technologies, Inc. ("AMT" and, together with Gordian, the "Taxpayers") and the California Franchise Tax Board ("FTB" and, together with the Taxpayers, the "Parties") and no other agency of the State of California.

WHEREAS, on February 24, 2012 (the "Petition Date"), Gordian filed a voluntary Chapter 11 bankruptcy petition in the Court, thereby commencing the Case; and

WHEREAS, on July 27, 2012, FTB filed Claim No. 38-1 in the amount of $110,875.66 related to the taxable years ending March 31, 2011 and 2012; and

WHEREAS, on August 9, 2012, FTB filed Claim 38-2, amending Claim 38-1, in the amount of $0 related to the taxable years ending March 31, 2011 and 2012; and

WHEREAS, on October 24, 2013, FTB filed Claim 38-3, amending Claim 38-2, in the amount of $6,844,555.11 related to the taxable years ending December 31, 1996 through December 31, 2011; and

WHEREAS, "Taxable Years at Issue" means any taxable year ending prior to the Petition Date, including the taxable years ending December 31, 1996 through December 31, 2011; and

WHEREAS, on October 24, 2013, FTB filed Claim 55, which was subsequently withdrawn as duplicative of Claim 38-3; and

WHEREAS, Gordian contends that FTB is not entitled to be paid on its claims in the Case; and

WHEREAS, the Parties now seek to resolve the disputes between them concerning FTB's claims in the Case.

NOW, THEREFORE, in consideration of the mutual covenants herein contained and other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.  Effectiveness of Agreement. This Agreement shall be effective only when the last of the following has occurred: (a) final approval of this Agreement by the Court either through confirmation of a plan or through approval of this Agreement upon motion brought pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; and (b) confirmation of a plan in the Case containing terms agreeable to FTB. This Agreement shall have no force of

1

effect if it does not become effective by December 31, 2015, unless FTB extends in writing the December 31, 2015 deadline.

2. <u>Allowance of FTB's Claim</u>. FTB's Claim 38-3 shall be allowed in the amount of $2,014,010.00.

3. <u>Payment of FTB's Allowed Claim</u>. FTB shall be paid its $2,014,010.00 allowed claim on the earlier of the Effective Date of any confirmed plan or December 31, 2015. Payment shall be made through a check or money order made payable to the "Franchise Tax Board" and bearing Gordian's EIN and sent by overnight delivery service to: Todd Bailey, Legal Division, MS: A-260, Franchise Tax Board, Sacramento, CA 95827.

4. <u>Gordian and AMT Concessions</u>. Gordian and AMT concede that the FTB allowed claim of $2,014,010.00 is owed for the Taxable Years at Issue and that Gordian is the successor-in-interest to AMT.

5. <u>Final Settlement</u>. Except as provided herein, upon FTB's receipt of the $2,014,010.00 payment,

    a. This Agreement operates as a final and conclusive settlement of all tax, penalties (if any), interest or other additions to or refunds of Taxpayers' California tax liability for the Taxable Years at Issue.

    b. None of the Parties will raise or attempt to raise, by way of notice(s) of proposed assessment, claim(s) for refund, offset, interest abatement and/or any other means, any further adjustment to Taxpayers' liability for taxes, penalties, additions to tax and/or interest, for the Taxable Years at Issue.

    c. Gordian and AMT will no longer have any income tax liability related to the Taxable Years at Issue.

    d. If AMT and Gordian no longer have any income tax liability related to AMT's operations for Taxable Years at Issue, then there would be no flow-through income tax liability to assert against Gerald Del Signore, Jean Del Signore or Joseph Del Signore for these same operations.

    e. Gerald Del Signore, Jean Del Signore and Joseph Del Signore would not have any additional personal income tax liability for flow-through income for Gordian's and/or AMT's operations for the Taxable Years at Issue.

This Agreement is not a final settlement of the Taxpayers' liability, if any, for taxable years other than the Taxable Years at Issue and shall not affect the liabilities of Taxpayers, Gerald Del Signore, Jean Del Signore or Joseph Del Signore for further adjustments made to Taxpayers' California tax liability due to any final federal determination(s), as defined in Revenue and

Taxation Code section 18622, that are in addition to those contemplated by the the agreement between the United States and Gordian that is set forth in the October 31, 2014 letter from Ann Reid, Chief, Office of Review, to Samuel R. Maizel of Pachulski Stang Zeil & Jones LLP, a copy of which is attached hereto as **Exhibit A** and the the Stipulation of Settlement Between the Debtor and the U.S. Internal Revenue Service.

6. Reliance on Own Judgment. The Parties hereto represent and declare that in executing this Agreement they rely solely on their own judgment, belief and knowledge concerning the nature, extent and duration of their rights and obligations deriving from this Agreement, or related to the bankruptcy enumerated above and that they have not been influenced to any extent whatsoever in executing this Agreement or with respect to any of the foregoing by any representations or statements made by any Party hereto or such Party's representative, or by any representations or statements made by any of the foregoing to any person representing any Party hereto, except as expressly stated herein.

7. Choice of Law. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of California applicable to instruments, persons and transactions having legal contacts and relationships solely within the State of California.

8. Joint Drafting and Negotiation. This Agreement has been jointly negotiated and drafted. The language of this Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any of the Parties.

9. Execution in Counterparts. This Agreement may be signed in counterparts, each of which may be delivered by telecopy or other electronic means, but will not be effective until all Parties have signed and delivered at least one counterpart.

10. No Admission. This Agreement constitutes a compromise of certain disputed claims and causes of action. Nothing herein shall constitute or evidence the existence of any event, fact or thing except as expressly recited herein.

11. Successors and Assigns. The rights and obligations of the Parties pursuant to this Agreement shall inure to and be binding upon their respective successors, assigns, heirs and personal representatives.

12. Representation of Authority to Execute Agreement. The undersigned represent and warrant that they have authority to execute this Agreement on behalf of their respective entities.

13. Survival of Representations and Warranties. All representations, warranties and agreements set forth in this Agreement shall be deemed continuing and shall survive the execution of this Agreement.

14. <u>Mutuality</u>. The obligations of each of the Parties hereunder are expressly conditioned upon the performance of the obligations of the other Parties hereunder.

15. <u>Integration Clause</u>. All agreements of the Parties with respect to the subject matter hereof are in writing and supersede all prior agreements and understandings of the Parties with respect thereto. This Agreement cannot be modified except by a written document signed by all the Parties.

16. <u>Costs and Fees</u>. Each of the Parties shall bear the fees and costs arising from the actions of its own counsel and/or representatives in connection with this dispute and the settlement thereof, including, but not limited to, those fees and costs related to the execution of this Agreement and the attendant responsibilities resulting therefrom.

17. <u>Further Assurances</u>. The Parties hereby agree to execute such other documents and to take such other actions as may reasonably be necessary to further the purposes of this Agreement.

IN ACCEPTANCE OF WHICH, the Parties hereto execute this Agreement on the day and year set forth below.

Dated: May ___, 2015          CALIFORNIA FRANCHISE TAX BOARD
                              JOZEL BRUNETT, CHIEF COUNSEL


                              By:_____
                                 Todd M. Bailey, Tax Counsel IV


Dated: May ___, 2015          GORDIAN MEDICAL, INC., INC.


                              By:_____

                              Its:_____


Dated: May ___, 2015          AMERICAN MEDICAL TECHNOLOGIES


                              By:_____

                              Its:_____

**EXHIBIT A**

Case 8:12-bk-12339-MW    Doc 1478    Filed 05/08/15    Entered 05/08/15 11:58:39    Desc
Main Document    Page 9 of 21



**U.S. Department of Justice**

**Tax Division**

*Please reply to:*   *Office of Review*
                    *P.O. Box 310*
                    *Washington, D.C. 20044*

DJ 5-12C-30027
CMN 201300632

October 31, 2014

By e-mail
Samuel R. Maizel
Pachulski, Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
E-mail: smaizel@pszjllaw.com

    Re:   *In re Gordian Medical, Inc. dba American Medical Technologies*
           Ch. 11, No. 8:12-bk-12339-MW (Bankr. C.D. Calif.)

Dear Mr. Maizel:

    As we have been discussing, we are writing to confirm that your client is agreeable to amend its offer to settle as previously amended in your letter dated September 19, 2014, and that its offer provides for the following terms:

1. The IRS shall be paid $9,847,118 (the "Settlement Amount"), as set forth below, in full satisfaction of the Claim and any other claims or causes of action the IRS holds or might assert against the Debtor that relates to or arises out of the Claim.

2. On the effective date of any confirmed plan of reorganization, the Debtor shall pay to the United State $6,732,041 to be credited against the Settlement Amount. Payment shall be made through a check or money order made payable to the "Department of the Treasury" and bearing the Debtor's EIN and sent by overnight delivery service to:

        U.S. Department of Justice Tax Division
        Attn: Financial Litigation Unit
        555 4th Street, NW
        Room #6647
        Washington, DC  20001

3. The IRS will apply to the Settlement Amount the following overpayments from the Debtor's Form 1120 accounts: (i) overpayment in the amount of $557,520 for the Debtor's fiscal year ending March 31, 2010, (ii) overpayment in the amount of $331,000 for the Debtor's fiscal year ending March 31, 2011, and (iii) overpayment in the amount of $2,226,557 for the Debtor's fiscal year ending March 31, 2012, for a total to be applied of $3,115,077.

- 2 -

4. The settlement offer, if accepted, is not a final settlement of the Debtor's liability, if any, for taxes for periods not listed in the Claim.

5. The settlement is contingent upon the following events: (i) final approval of this Settlement by the United States Bankruptcy Court for the Central District of California either through confirmation of a plan of reorganization or through approval of a motion brought pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, (ii) final approval of a settlement between the Debtor and the Center for Medicare & Medicaid Services ("CMS") resolving disputes between the Debtor and CMS over Claim Nos. 51-1, 51-2 and 52-1 filed in the above-referenced bankruptcy case by the United States on Behalf of the U.S. Department Of Health & Human Services and CMS; and (iii) approval by the IRS of a pending offer-in-compromise submitted by American Medical Technologies, Inc., a non-debtor entity ("AMT"), whereby AMT would pay $2 million to the IRS to resolve the liability that remains after the Debtor has completed the terms of this Settlement.

6. Gordian will concede the amounts of the underlying tax liabilities and penalties, if any.

7. Gordian will concede that it is the successor-in-interest to AMT.

8. The settlement is contingent upon the IRS agreeing that (i) if both this Settlement and the offer-in-compromise are completed (that is, the Settlement is paid in full and the offer-in-compromise is accepted and paid in full), then AMT and Gordian would no longer have any additional income tax liability related to the operations of AMT for the years 1994 through 2011, subject to certain carve outs and restrictions that are standard in government settlement documents and in the offer-in-compromise, including fraud or a material misrepresentation; (ii) if AMT and Gordian no longer have an income tax liability related to AMT's operations from 1994 through 2011, then there would be no flow-through income tax liability to assert against Gerald Del Signore, Jean Del Signore or Joseph Del Signore for these same operations, and (iii) if this Settlement and the offer-in-compromise are completed, Gerald Del Signore, Jean Del Signore or Joseph Del Signore would not have any additional personal income tax liability for flow-through income for Gordian and or AMT's operations from 1994 through 2011.

9. Each party will bear its own costs, including attorney's fees.

If the above terms accurately reflect the revised settlement proposal, please sign where indicated below and return the countersigned letter to our office.

Case 8:12-bk-12339-MW    Doc 1478    Filed 05/08/15    Entered 05/08/15 11:58:39    Desc
Main Document    Page 12 of 21

- 3 -

As we are certain you appreciate, the United States is in no way committed to a settlement of this case unless you are advised by our office that the settlement proposal has been accepted by an authorized representative of the Attorney General.

If you have any questions about this letter, please contact Ann Reid at (202) 514-6636.

Sincerely yours,

TAMARA J. ASHFORD
Acting Assistant Attorney General

By:

*s/ Ann Reid*

ANN REID
Chief, Office of Review


The foregoing accurately reflects the settlement proposal by :

_____                    _____
Date                                                                          Counsel for Gordian Medical, Inc.