ORIGINAL

Pachulski Stang Ziehl & Jones LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Samuel R. Maizel (CA Bar No. 189301)
   Malhar S. Pagay (CA Bar No. 189289)
2  Pachulski Stang Ziehl & Jones LLP
   10100 Santa Monica Blvd., 13th Floor
3  Los Angeles, California 90067
   Telephone: 310/277-6910
4  Facsimile:  310/201-0760
   E-mail:      smaizel@pszjlaw.com
5              mpagay@pszjlaw.com

6

7  Attorneys for Gordian Medical, Inc.,
   dba American Medical Technologies,
8  Debtor and Debtor in Possession



FILED

MAY 13 2015

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk



ENTERED

MAY 13 2015

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

9        UNITED STATES BANKRUPTCY COURT

10         CENTRAL DISTRICT OF CALIFORNIA

11              SANTA ANA DIVISION

12  In re:                              Case No.: 8:12-bk-12339-MW

13  GORDIAN MEDICAL, INC., dba American   Chapter 11
    Medical Technologies,
14
                                        **ORDER CONFIRMING DEBTOR'S
15                                       SECOND AMENDED PLAN OF
                                         REORGANIZATION DATED [APRIL 27,
                                         2015]**

LODGED

MAY 11 2015

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

16              Debtor

17                                       **Hearing Date:**
                                         **Date:     May 6, 2015**
18                                       **Time      2:00 p.m.**
                                         **Place:    Courtroom 6C**
19                                                   411 West Fourth Street
                                                     Santa Ana, CA  92701
20
                                         **Judge:     Hon. Mark Wallace**
21

22        A hearing on *Debtor's Second Amended Plan of Reorganization [Dated April 27, 2015]* (the

23  "Plan") [Docket No. 1465] filed by Gordian Medical, Inc., dba American Medical Technologies, the

24  above-captioned chapter 11 debtor and debtor in possession (the "Debtor") was held at the above

25  referenced date, time and place (the "Hearing").  Samuel R. Maizel of Pachulski Stang Ziehl &

26  Jones LLP appeared on behalf of the Debtor.  Other appearances were made as noted on the record.

27        The Court has determined that, after hearing on proper and appropriate notice, the

28  requirements for confirmation of the Plan set forth in 11 U.S.C. §1129 have been satisfied.  Based on

No
1495

the foregoing and the findings of fact and conclusions of law entered in connection herewith, and good cause appearing therefor,

**IT IS ORDERED THAT:**

1.     The Plan, a copy of which is attached hereto as Exhibit 1, is CONFIRMED.

2.     Any objections to Confirmation of the Plan, whether formal or informal, written or oral, unless previously withdrawn or resolved, are overruled.

3.     The Court will enter separate Findings Of Fact and Conclusions Of Law regarding Confirmation of the Plan, the provisions of which are incorporated herein by this reference, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, Rule 52 of the Federal Rules of Civil Procedure, and LBR 7052-1.

4.     The failure to reference a particular provision of the Plan in this Confirmation Order shall not affect the validity or enforceability of such provision.  Each provision of the Plan shall be deemed authorized and approved by this Confirmation Order and shall have the same binding effect as every other provision of the Plan, whether or not mentioned in this Confirmation Order.

5.     The Post-Confirmation Status Conference and hearing on any final fee applications by professionals employed in this case shall be held on August 5, 2015 at 9:00 a.m. local time.  Any final fee applications by professionals shall be filed and served no later than July 1, 2015.

###

May 13, 2015
_____
DATE

_Mark Wallace_

HONORABLE MARK S. WALLACE
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

1 │ Samuel R. Maizel (CA Bar No. 189301)
  │ Malhar S. Pagay (CA Bar No. 189289)
2 │ PACHULSKI STANG ZIEHL & JONES LLP
  │ 10100 Santa Monica Blvd., 13th Floor
3 │ Los Angeles, CA 90067
  │ Telephone: 310/277-6910
4 │ Facsimile: 310/201-0760
  │ E-mail:  smaizel@pszjlaw.com
5 │          mpagay@pszjlaw.com

6 │ Attorneys for Debtor and Debtor in Possession

7 │

8 │

9 │                    **UNITED STATES BANKRUPTCY COURT**

10│                    **CENTRAL DISTRICT OF CALIFORNIA**

11│                         **SANTA ANA DIVISION**

12│ In re:                              │ Case No.: 8:12-bk-12339-MW

13│ GORDIAN MEDICAL, INC., d/b/a American│ Chapter 11
  │ Medical Technologies,               │
14│                                     │ **DEBTOR'S SECOND AMENDED PLAN
  │                  Debtor.            │ OF REORGANIZATION [DATED
15│                                     │ APRIL 27, 2015]**

16│                                     │ **Confirmation Hearing:**
  │                                     │ Date:  May 6, 2015
17│                                     │ Time:  2:00 p.m.
  │                                     │ Place: U.S. Bankruptcy Court
18│                                     │        411 West Fourth Street
  │                                     │        Santa Ana, CA 92701-4593
19│
  │                                     │ Judge: Hon. Mark Wallace
20│

21│

22│

23│

24│

25│

26│

27│

28│

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................... 1

II.   DEFINED TERMS, RULES OF INTERPRETATION, COMPUTATION
      OF TIME AND GOVERNING LAW ...................................................................... 3
      A.   Definitions...................................................................................................... 3
      B.   Interpretation, Rules Of Construction, Computation Of Time ...................... 13
           1.   Defined Terms ..................................................................................... 13
           2.   Rules of Interpretation ....................................................................... 13
           3.   Time Periods ....................................................................................... 14

III.  UNCLASSIFIED CLAIMS ................................................................................... 15
      A.   Administrative Claims ................................................................................. 15
           1.   Allowance of Administrative Claims.................................................. 15
                a.   Allowance of 503(b)(1)-(8) Administrative Claims ................. 15
                b.   Allowance of Ordinary Course Administrative Claims............. 16
                c.   Allowance of 503(b)(9) Claims ............................................... 16
                d.   Allowance of Professional Fee Claims ..................................... 16
                e.   Allowance of Cure Claims ....................................................... 17
           2.   Treatment of Administrative Claims ................................................... 17
                a.   Payment of Allowed Non-Ordinary Course Administrative
                     Claims ..................................................................................... 18
                b.   Payment of Allowed Ordinary Course Administrative Claims .......... 18
                c.   Payment of 503(b)(9) Claims ................................................... 18
                d.   Payment of Professionals.......................................................... 18
                e.   Payment of U.S. Trustee Fees .................................................. 18
                f.   Payment of Cure Claims .......................................................... 18
           3.   Treatment of Priority Tax Claims ....................................................... 19

IV.   CLASSIFIED CLAIMS AND INTERESTS............................................................ 19
      A.   General ......................................................................................................... 19
      B.   Priority Non-Tax Claims (Classes 1a, and 1b) – Unimpaired ...................... 20
           1.   Description ........................................................................................... 20
           2.   Treatment of Priority Wage Claims (Class 1a)..................................... 20
           3.   Treatment of Priority Non-Tax Claims other than Priority
                Wage Claims (Class 1b)....................................................................... 20
      C.   CMS Secured Claim (Class 2) - Unimpaired ............................................... 20
           1.   Description ........................................................................................... 20
           2.   Treatment .............................................................................................. 21
      D.   Miscellaneous Secured Claims (Class 3) - Unimpaired ............................... 21
           1.   Description ........................................................................................... 21
           2.   Treatment .............................................................................................. 21
      E.   Non-Priority Wage Claims (Class 4) Unimpaired ........................................ 22
           1.   Description ........................................................................................... 22
           2.   Treatment .............................................................................................. 22
      F.   General Unsecured Claims (Class 5) - Unimpaired ...................................... 22
           1.   Description ........................................................................................... 22
           2.   Treatment .............................................................................................. 22
      G.   Interests (Class 6) Unimpaired..................................................................... 23
           1.   Description ........................................................................................... 23
           2.   Treatment .............................................................................................. 23
      H.   Interests (Class 7) Unimpaired..................................................................... 23
           1.   Description ........................................................................................... 23

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2.      Treatment .......................................................................... 23

V.      EXECUTORY CONTRACTS AND UNEXPIRED LEASES ........................ 23
        A.      Assumption of Executory Contracts and Leases ........................ 24
        B.      Rejection of Executory Contracts or Unexpired Leases ............... 24

VI.     AMENDED PLAN IMPLEMENTATION ............................................ 25
        A.      The Effective Date ......................................................... 25
        B.      Funding of the Plan ........................................................ 26
        C.      Vesting of the Debtor's Assets ............................................ 26
        D.      Corporate Structure ........................................................ 27
        E.      Corporate Charter Amendment ........................................... 27
        F.      Reorganized Debtor's Officers and Directors ........................... 27

VII.    LITIGATION ....................................................................... 27
        A.      Preservation of Causes of Action ......................................... 27
        B.      Preservation of All Litigation and Causes of Action Not Expressly
                Settled and Released ....................................................... 28
        C.      The Reorganized Debtor as Representative of the Estate .............. 29

VIII.   OBJECTIONS TO CLAIMS AND DISTRIBUTIONS ............................. 30
        A.      Objections to Claims; Prosecution of Disputed Claims ................ 30
        B.      Estimation of Claims ....................................................... 30
        C.      Payments and Distributions on Disputed Claims ....................... 31
        D.      Time and Method of Distributions ........................................ 31
        E.      Time Bar to Cash Payment ................................................ 32
        F.      Compliance with Tax Requirements ...................................... 32
        G.      Setoffs ....................................................................... 32
        H.      De Minimis Distributions .................................................. 32
        I.      Finality of Distributions ................................................... 32
        J.      Name and Address of Holder .............................................. 33

IX.     MODIFICATION, WITHDRAWAL AND REVOCATION OF THE AMENDED
        PLAN OR CONFIRMATION ORDER; REQUEST TO CRAM-DOWN PLAN ...... 33
        A.      Modification of the Amended Plan ........................................ 33
        B.      Withdrawal of the Plan .................................................... 34
        C.      Effect of Any Vacation or Revocation of the Confirmation Order ..... 34
        D.      Confirmation Request ...................................................... 34

X.      EFFECT OF CONFIRMATION OF THE PLAN ................................. 34
        A.      Binding Effect of Confirmation ........................................... 34
        B.      Good Faith .................................................................. 35
        C.      Authority to Implement Plan .............................................. 35
        D.      Release and Injunction ..................................................... 36
        E.      Post-Effective Date Quarterly Fees and Reports to the U.S. Trustee ... 37
        F.      Post-Effective Date Status Reports ....................................... 37
        G.      Withholding and Reporting Requirements ............................... 37
        H.      Injunctions or Stays ........................................................ 38
        I.      Discharge of Debtor ........................................................ 38
        J.      No Admissions .............................................................. 38
        K.      Post-Confirmation Conversion or Dismissal ............................ 39

XI.     RETENTION OF JURISDICTION ............................................... 39

XII.    MISCELLANEOUS PROVISIONS OF THE PLAN ............................. 41
        A.      Holders of Claims and Interests as of Record Date .................... 41

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

B.    Successors and Assigns.................................................................................. 41
C.    Reservation of Rights.................................................................................... 41
D.    Post-Confirmation Effectiveness of Proofs of Claim ................................. 41
E.    Further Assurances........................................................................................ 41
F.    Services by and Fees for Professionals ....................................................... 41
G.    Entire Agreement .......................................................................................... 42
H.    Failure of the Bankruptcy Court to Exercise Jurisdiction.......................... 42
I.    No Recourse.................................................................................................. 42
J.    Severability of Amended Plan Provisions ................................................... 42
K.    Governing Law .............................................................................................. 43
L.    Saturday, Sunday, or Legal Holiday ............................................................ 43
M.    Notices ........................................................................................................... 43
N.    Final Decree .................................................................................................. 44

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

## TABLE OF AUTHORITIES

2

**Statutes**

3  11 U.S.C. §§ 101, *et seq.*.............................................................................. 1, 5

4  11 U.S.C. § 101(17) .......................................................................................... 10

5  11 U.S.C. § 101(31) .......................................................................................... 10

   11 U.S.C. § 101(5) .............................................................................................. 7

6  11 U.S.C. § 105 ................................................................................................. 38

7  11 U.S.C. § 327 ................................................................................................. 12

8  11 U.S.C. § 327-331 .......................................................................................... 12

   11 U.S.C. § 328 ................................................................................................. 12

9  11 U.S.C. § 330 ................................................................................................. 12

10  11 U.S.C. § 331 ................................................................................................. 12

11  11 U.S.C. § 346 ................................................................................................. 40

    11 U.S.C. § 350 ................................................................................................. 18

12  11 U.S.C. § 362 ................................................................................................. 38

13  11 U.S.C. § 365 ......................................................... 4, 5, 8, 12, 19, 23, 24

14  11 U.S.C. § 365(b) .............................................................................................. 4

15  11 U.S.C. § 502 ................................................................................................. 32

    11 U.S.C. § 502(c) ............................................................................................. 31

16  11 U.S.C. § 502(d) .............................................................................................. 5

17  11 U.S.C. § 502(j) ............................................................................................. 31

    11 U.S.C. § 503 ................................................... 3, 4, 7, 11, 12, 15, 16, 18

18  11 U.S.C. § 503(b) .............................................. 3, 4, 7, 11, 12, 15, 16, 18

19  11 U.S.C. § 503(b)(3)(D) ......................................................................... 12, 16

20  11 U.S.C. § 503(b)(9) ........................................... 3, 4, 7, 11, 16, 18

    11 U.S.C. § 505 ................................................................................................. 40

21  11 U.S.C. § 506 ........................................................................................... 5, 10

22  11 U.S.C. § 507(a)(2) .......................................................................................... 4

23  11 U.S.C. § 507(a)(3)-(7) ................................................................................. 11

24  11 U.S.C. § 507(a)(4) ............................................................ 11, 12, 20, 22

    11 U.S.C. § 507(a)(5) ..................................................................... 11, 20, 22

25  11 U.S.C. § 521(a) ............................................................................................ 12

26  11 U.S.C. § 541 ............................................................................................ 5, 9

    11 U.S.C. § 544 .................................................................................................. 5

27  11 U.S.C. § 545 .................................................................................................. 5

28  11 U.S.C. § 547 .................................................................................................. 5

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

11 U.S.C. § 548 ......................................................................................................... 5

11 U.S.C. § 549 ......................................................................................................... 5

11 U.S.C. § 550 ......................................................................................................... 5

11 U.S.C. § 553 ................................................................................................. 5, 10, 32

11 U.S.C. § 558 ......................................................................................................... 5

11 U.S.C. § 1103 ...................................................................................................... 12

11 U.S.C. § 1106 ...................................................................................................... 12

11 U.S.C. § 1112(b) .................................................................................................. 39

11 U.S.C. § 1123 ...................................................................................................... 24

11 U.S.C.. § 1123(a)(5) ............................................................................................ 29

11 U.S.C. § 1123(a)(6) ............................................................................................. 27

11 U.S.C. § 1123(a)(7) ............................................................................................. 29

11 U.S.C. § 1123(b)(2) ............................................................................................... 8

11 U.S.C. § 1123(b)(3)(B) ........................................................................................ 29

11 U.S.C. § 1124(2) .................................................................................................. 21

11 U.S.C. § 1125 ...................................................................................................... 33

11 U.S.C. § 1127(a) .................................................................................................. 33

11 U.S.C. § 1127(b) .................................................................................................. 34

11 U.S.C. § 1129 ..................................................................................................... 7, 8

11 U.S.C. § 1129(a)(9)(C) ........................................................................................ 19

11 U.S.C. § 1142 ...................................................................................................... 40

11 U.S.C. § 1146 ...................................................................................................... 40

28 U.S.C. § 1930 ....................................................................................... 4, 13, 18, 37

28 U.S.C. § 1961(a) .................................................................................................. 10

## Rules

Fed. R. Bankr. P. § 1007(b) ..................................................................................... 12

Fed. R. Bankr. P. § 2002 .......................................................................................... 37

Fed. R. Bankr. P. § 2004 .......................................................................................... 26

Fed. R. Bankr. P. § 3001(e) ....................................................................................... 9

Fed. R. Bankr. P. § 9006(a) ..........................................................................................

Local Rule of Bankruptcy 9013-1(f)-(g) ................................................................. 16

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOCS_LA:262432.10 03717/002

# I.

## INTRODUCTION

Gordian Medical, Inc., dba American Medical Technologies, a privately held Nevada corporation, is the debtor and debtor in possession in this chapter 11 bankruptcy case. The Debtor[1] commenced this Case by filing on February 24, 2012 (the "Petition Date") a voluntary bankruptcy petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. This document is the *Debtor's Second Amended Plan of Reorganization (Dated April 27, 2015)* (the "Amended Plan").

The Amended Plan is a reorganization plan which provides for the payment of (a) all Allowed Claims, other than the Government Entity Claims, in full on the later of the Effective Date and the date upon which a Claim becomes an Allowed Claim, and (b) the Government Entity Claims pursuant to the terms of the to-be-approved settlements with CMS, the IRS and the FTB (each a "Government Entity", and collectively the "Government Entities"). The Debtor filed its initial Plan of Reorganization [Dated August 23, 2013] (the "Plan") [Docket No. 685] on August 23, 2013, and filed a first amended plan on January 13, 2015 [Docket No. 1395]. The hearing on confirmation of the Plan has been continued numerous times in order to facilitate a resolution of the disputes between the Debtor and the Government Entities. This Amended Plan was amended to incorporate the terms of the settlements of the disputes between the Debtor and the Government Entities regarding their claims (described below). Generally these settlements require the Debtor to pay approximately $13.7 million at confirmation.

The Debtor intends to fund payments required under the Amended Plan from Available Cash, including (a) the Debtor's Cash on hand as of the Effective Date (approximately $4.5 million), and (b) approximately $13.5 million (the "Contribution") contributed by Gerald Del Signore, the President of the Debtor ("Mr. Del Signore"). The Contribution is the funds remaining from $15 million paid pursuant to the *Order Granting Gerald Del Signore's Motion for Protective Order with Regard to Motion of Official Committee of Unsecured Creditors for Order Compelling Examination of and Production of Documents by Gerald Del Signore Pursuant to Fed. R. Bankr. P. 2004* [Docket

---

[1] Capitalized terms not otherwise defined herein have the meaning given them in Article II hereof.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1022]. Of the $15 million, Mr. Del Signore used approximately $1.5 million to pay all general non-governmental unsecured claims pursuant to the *Order Granting Joint Motion of the Debtor and Gerald Del Signore for Order Pursuant to Section 105(a) of the Bankruptcy Code Approving Payment in Full by Gerald Del Signore of all Claims Scheduled or Filed Against the Debtor Other than Claims Filed by Certain Governmental Units* [Docket 1082].

CMS has pending claims in the amount of no less than $76 million based upon a determination by four Medicare Administrative Contractors that the Debtor allegedly received payments for equipment or services not covered by the Medicare Act. The CMS settlement provides, in part, that it will be paid a total of $35 million, including (a) payment of $5 million at confirmation of the Amended Plan; (b) recoupment by CMS of approximately $4.6 million currently held by CMS; and (c) recoupment by CMS of approximately $25.4 million from ongoing payments by CMS to the Debtor, in equal installments over 84 months.

The IRS has pending claims in the amount of approximately $17.8 million, of which approximately $14.8 million was listed as priority and approximately $2.97 million as general unsecured, for alleged unpaid federal corporate income taxes of American Medical Technologies, Inc. ("AMT"), a non-debtor entity, based upon a theory of alleged successor liability. The IRS settlement provides, in part, that it will be paid a total of approximately $9.8 million, including (a) payment of approximately $6.7 million at confirmation of the Amended Plan, and (b) offset of approximately $3.1 million currently held by the IRS.

The FTB has pending claims in the amount of approximately $6.8 million, of which approximately $4.06 is listed as priority and approximately $2.8 million as general unsecured. The FTB claim is also based upon a theory of alleged successor liability related to AMT. The FTB settlement provides, in part, that it will be paid approximately $2 million at confirmation of the Amended Plan.

All Holders of Claims and Interests are encouraged to read the Amended Plan in its entirety. **The Debtor is not soliciting acceptances or rejections of the Amended Plan from Holders of Claims or Interests because the Claims and Interests in all Classes are Unimpaired under the Plan or being paid pursuant to settlements between the Debtor and the Government Entities.**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Holders of Claims or Interests, therefore, are deemed to have accepted the Amended Plan

2  pursuant to section 1126(f) of the Bankruptcy Code, are not permitted to vote, and are not

3  required to respond. Because no votes are being solicited on the Plan, the Debtor has not filed

4  or sought Court approval of a disclosure statement and will not distribute a disclosure

5  statement with its Plan. The Debtor did, however, file a *Motion for Entry of an Order*

6  *Confirming Debtor's First Amended Plan of Reorganization* [Docket No. 1419] and a *Notice of*

7  *Motion and Motion to Approve the Adequacy of the Information in the Debtor's First Amended*

8  *Plan of Reorganization* [Docket No. 1420] (collectively, the "Confirmation Motions")[2] with the

9  Court prior to the hearing on confirmation of the Amended Plan. Any Holder of a Claim in

10  Class 1a, 1b, 2, 3, 4, or 5 or any Interest Holder in Classes 6 or 7 has the right to object to

11  Confirmation of the Amended Plan if it wishes to do so. Any such objection to the

12  Confirmation of the Amended Plan must be filed by no later than April 29, 2015.

13  <center>II.</center>

14  <center>**DEFINED TERMS, RULES OF INTERPRETATION,**</center>

15  <center>**COMPUTATION OF TIME AND GOVERNING LAW**</center>

16  **A.      Definitions**

17          In addition to such other terms as are defined in other sections of the Amended Plan, the

18  following terms (which appear in the Amended Plan as capitalized terms) have the following

19  meanings as used in the Plan:

20          **"503(b)(9) Claim"** means a Claim for the value of goods received by the Debtor in the

21  ordinary course of its business within twenty (20) days before the Petition Date as provided in

22  section 503(b)(9) of the Bankruptcy Code.

23          **"Administrative Claim"** means a Claim for administrative costs or expenses that is

24  allowable under sections 365(b) or 503(b) and 507(a)(2) of the Bankruptcy Code or 28 U.S.C.

25  § 1930, including, without limitation, (i) Non-Ordinary Course Administrative Claims; (ii) Ordinary

26  Course Administrative Claims; (iii) 503(b)(9) Claims; (iv) Professional Fee Claims;

27  _____

28  [2] Although the Confirmation Motions specifically address an earlier version of this Amended Plan, their substantive discussions apply equally to this Amended Plan.

1  (v) Administrative Tax Claims; (vi) U.S. Trustee Fees; and (vii) Cure Claims pursuant to section 365

2  of the Bankruptcy Code.

3  **"Administrative Tax Claim"** means a Claim that a governmental unit asserts against the

4  Debtor for taxes or related interest or penalties that is allowable under section 503(b) of the

5  Bankruptcy Code.

6  **"Allowed Administrative Claim"** means an Allowed Claim that is an Administrative Claim.

7  **"Allowed Claim"** means (i) a Claim, as to which no proof of claim has been Filed, that is

8  (a) listed in the Schedules in an amount greater than zero and not in an unknown amount, (b) not

9  listed in the Schedules as disputed, contingent or unliquidated, and (c) as to which no objection,

10  motion or other proceeding to estimate, equitably subordinate, reclassify, set off, or otherwise limit

11  the recovery thereon has been asserted before the expiration of the time period to object to such

12  Claim as set forth in this Amended Plan or order of the Bankruptcy Court or (d) as to which any

13  objection, motion or other proceeding to estimate, equitably subordinate, reclassify, or set off has

14  been resolved by agreement or by Final Order of the Bankruptcy Court; or (ii) a Claim as to which a

15  proof of claim has been Filed and to which (a) no objection, motion or other proceeding to estimate,

16  equitably subordinate, reclassify, set off, or otherwise limit the recovery thereon has been asserted

17  before the expiration of the time period to object to such Claim as set forth in this Amended Plan or

18  order of the Bankruptcy Court or (b) any objection, motion or other proceeding to estimate,

19  equitably subordinate, reclassify, or set off has been resolved by agreement or by Final Order of the

20  Bankruptcy Court.

21  **"Allowed Priority Tax Claim"** means an Allowed Claim that is a Priority Tax Claim.

22  **"Assets"** means "property of the estate" as described in section 541 of the Bankruptcy Code,

23  including, but not limited to, Cash, Causes of Action, proceeds of insurance and insurance policies,

24  all rights and interests, all real and personal property, and all files, books and records of the Estate.

25  **"Assumed Contracts"** means any executory contracts and unexpired leases that the Debtor

26  will assume pursuant to section 365 of the Bankruptcy Code upon the Effective Date of the Plan,

27  including but not limited to the Medicare Supplier Agreement between the Debtor and CMS.

28  **"Available Cash"** means the amount of the Contribution plus any other Cash held by the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Reorganized Debtor on the Effective Date that is not needed to pay the ordinary course continuing

2  operation expenses for the Reorganized Debtor as is set forth in the Cash Flow Projections to be

3  provided to the Court prior to Confirmation.

4    **"Avoiding Power Causes of Action"** means causes of action, if any, arising under

5  sections 502(d), 506, 544, 545, 547, 548, 549, 550, 553, and 558 of the Bankruptcy Code, or any

6  fraudulent conveyance, fraudulent transfer or preference laws, or any cause of action arising under,

7  or relating to, any similar state law or federal law that constitutes property of the Estate under

8  section 541 of the Bankruptcy Code, whether or not an action is initiated on or before the Effective

9  Date.

10    **"Bankruptcy Code"** means title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*

11    **"Bankruptcy Court"** or **"Court"** means the United States Bankruptcy Court for the Central

12  District of California, Santa Ana Division, or any other court that exercises jurisdiction over the

13  Case.

14    **"Bankruptcy Rules"** means the Federal Rules of Bankruptcy Procedure.

15    **"Business Day"** means any day other than a Saturday, Sunday, or a legal holiday (as defined

16  in Bankruptcy Rule 9006(a)).

17    **"Case"** means the case under chapter 11 of the Bankruptcy Code commenced by the Debtor

18  and bearing Case Number 8: 12-bk-12339.

19    **"Cash"** means cash or cash equivalents including, but not limited to, bank deposits, checks,

20  or other similar items.

21    **"Cash Flow Projections"** means projections modeling the Debtor's future financial liquidity

22  over the time required to make all payments under the Amended Plan.

23    **"Causes of Action"** means any and all claims, demands, rights, actions, suits, causes of

24  action, third-party claims, counterclaims and cross-claims of, or liabilities or obligations owing to,

25  the Debtor or the Estate of any kind or character whatsoever, known or unknown, suspected or

26  unsuspected, whether arising prior to, on or after the Petition Date, in contract or in tort or otherwise,

27  at law or in equity or under any other theory, that the Debtor or the Estate has or asserts or may have

28  or assert, whether or not brought as of the Effective Date, and which have not been settled or

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    otherwise resolved by Final Order as of the Effective Date, including but not limited to (i) rights of

2    setoff, counterclaim or recoupment, and claims on contracts or for breaches of duties imposed by

3    law, (ii) the right to object to Claims or Interests, (iii) such claims and defenses as fraud, mistake,

4    duress and usury, (iv) Avoiding Power Causes of Action, (v) claims for tax refunds, (vi) claims to

5    recover outstanding accounts receivable, (vii) any other claims which may be asserted against other

6    Persons, and (viii) all claims and possible claims described in Article VII of the Plan.

7        **"Claim"** means a claim, as the term "claim" is defined in section 101(5) of the Bankruptcy

8    Code, against the Debtor.

9        **"Claimant"** means any entity that holds an Allowed Claim, whether an Unsecured Claim, a

10   Priority Tax Claim, a Priority Non-Tax Claim or an Administrative Claim.

11       **"Claims Objection Deadline"** means the deadline for the Reorganized Debtor to File

12   objections to 503(b)(9) Claims, Priority Tax Claims, Priority Non-Tax Claims, and General

13   Unsecured Claims, which is no later than 90 days after the Effective Date, unless, upon motion of

14   the Reorganized Debtor, the Bankruptcy Court extends such deadline, all as set forth in

15   Section VIII.A hereof.

16       **"Claims Bar Dates"** means the bar dates for filing Claims against the Estate established by

17   the Court as follows: (a) proofs of Claim based upon Rejection Damage Claims must have been filed

18   by the later of July 31, 2012 (the "General Bar Date"), and 30 days after the entry of the order

19   approving the rejection of the contract or lease; (b) proofs of Claim based upon the avoidance of a

20   transfer of the Debtor's property must have been filed by the later of the General Bar Date and 30

21   days after the judgment is entered avoiding the relevant transfer; (c) proofs of Claim filed by

22   Governmental Units (as defined in the Bankruptcy Code) had to be filed by August 22, 2012 (the

23   "Governmental Unit Bar Date"); and (d) proofs of Claim for all other prepetition Claims had to be

24   filed by the General Bar Date.

25       **"Class"** means a group of Claims or Interests as classified in Section IV.B.

26       **"CMS"** means the Centers for Medicare and Medicaid Services, part of the U.S. Department

27   of Health and Human Services, a federal agency.

28       **"Committee"** means the Official Committee of Unsecured Creditors appointed in the Case.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    "**Confirmation**" means the entry of the Order by the Bankruptcy Court confirming the

2    Amended Plan pursuant to section 1129 of the Bankruptcy Code.

3    "**Confirmation Date**" means the date on which the Bankruptcy Court enters the

4    Confirmation Order on its docket.

5    "**Confirmation Hearing**" means the hearing conducted by the Bankruptcy Court regarding

6    Confirmation of the Plan.

7    "**Confirmation Order**" means the Bankruptcy Court order confirming this Amended Plan

8    under section 1129 of the Bankruptcy Code.

9    "**Creditor**" means the Holder of a Claim against the Debtor.

10    "**Cure Claim**" means the right to payment of cash or the distribution of other property (as

11    the parties may agree or the Court may order), as necessary to cure defaults under an executory

12    contract or unexpired lease of the Debtor, or as otherwise required by section 365(b) of the

13    Bankruptcy Code as a condition of assumption and assignment, so that the Estate may assume or

14    assume and assign the contract or lease pursuant to sections 365 or 1123(b)(2) of the Bankruptcy

15    Code.

16    "**Debtor**" means Gordian Medical, Inc., dba American Medical Technologies, a privately

17    held Nevada corporation.

18    "**Disallowed Claim**" means a Claim or any portion thereof that (i) has been disallowed by

19    agreement or by Final Order, (ii) is Scheduled in an unknown amount or as zero or as contingent,

20    disputed, or unliquidated or is not Scheduled and as to which no Proof of Claim or Administrative

21    Claim has been Filed, or (iii) has been withdrawn by the Creditor.

22    "**Disputed Claim**" means any Claim that is not an Allowed Claim or a Disallowed Claim.

23    "**Distribution**" means any transfer by the Reorganized Debtor under the Amended Plan of

24    Cash to a Holder of an Allowed Claim.

25    "**Effective Date**" means the first Business Day after the date when the following have

26    occurred: (i) the Confirmation Order shall have become a Final Order; provided, however, in the

27    discretion of the Debtor, a Confirmation Order that is subject to a pending appeal or certiorari

28    proceeding may be considered a Final Order provided no court of competent jurisdiction has entered

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:262432.10 03717/002                                    7

1  an order staying the effect of the Confirmation Order; (ii) all actions, documents and agreements

2  deemed necessary in the Debtor's discretion to implement the Amended Plan will have been effected

3  or executed, (iii) an order resolving the Disputed Claim of CMS shall have become a Final Order;

4  (iv) an order resolving the Disputed Claim of the IRS shall have become a Final Order, (v) an order

5  resolving the Disputed Claim of the FTB shall have become a Final Order; and (vi) the Debtor will

6  have received, in addition to the Confirmation Order and the orders resolving the CMS and IRS and

7  FTB Disputed Claims, all authorizations, consents, rulings, opinions or other documents that are

8  determined by the Debtor to be necessary to implement the Plan.

9        **"Estate"** means the estate created in the Case under section 541 of the Bankruptcy Code.

10        **"Exhibit Filing Date"** means a Business Day on which drafts of all Exhibits to the Amended

11  Plan shall be Filed and which day shall be no later than 10 days prior to the Confirmation Hearing.

12  The Debtor reserves the right to File amended or revised versions of any Exhibit through and

13  including the Confirmation Date.

14        **"File" or "Filed"** means duly and properly filed with the Bankruptcy Court in this Case and

15  reflected on the Bankruptcy Court's Official Docket for this Case.

16        **"Final Order"** means an order or judgment of the Court entered on the Court's official

17  docket: (a) that has not been reversed, rescinded, stayed, modified, or amended; (b) that is in full

18  force and effect; and (c) with respect to which (i) the time to appeal or to seek review, remand,

19  rehearing, or a *writ of certiorari* has expired and as to which no timely filed appeal or petition for

20  review, rehearing, remand, or *writ of certiorari* is pending; or (ii) any such appeal or petition has

21  been dismissed or resolved by the highest court to which the order or judgment was appealed or

22  from which review, rehearing, remand, or a *writ of certiorari* was sought.

23        **"FTB"** means the California Franchise Tax Board, a department of the state government that

24  collects personal income taxes for the State of California.

25        **"General Bar Date"** means July 31, 2012, the deadline for filing Prepetition Date Claims,

26  except for Claims held by governmental entities, or Claims based on damages resulting from the

27  rejection of an executory contracts or unexpired leases or on recoveries from Avoiding Power

28  Causes of Action.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    **"General Unsecured Claims"** means Prepetition Claims that are not Administrative Claims,

2    Priority Tax Claims, or Priority Non-Tax Claims.

3    **"Government Entity Claims"** means the Claims filed by CMS, the IRS and the FTB.

4    **"Governmental Unit Bar Date"** means August 22, 2012, the deadline for Governmental

5    Units to File Prepetition Date Claims.

6    **"Holder"** means the owner of a Claim against or Interest in the Debtor, provided, however,

7    with respect to transfers of Claims governed by Bankruptcy Rule 3001(e), in order for the transferee

8    to be deemed the Holder of the Claim for Distribution purposes, the deadline for any objection to the

9    proposed transfer of a Claim must have passed with either (i) no objection to the transfer having

10   been Filed or (ii) any objection to such transfer having been resolved in favor of the transferor by no

11   later than 30 days prior to the later of Effective Date and the date upon which a Claim becomes an

12   Allowed Claim.

13   **"Impaired"** means, when used with respect to a Claim or Interest, the legal, equitable and

14   contractual rights to which a Claim or Interest entitles the Holder of such Claim or Interest are

15   altered by the Plan.

16   **"Interest"** means the interest, as the term "interest" is defined in section 101(17) of the

17   Bankruptcy Code, of any entity who holds an equity security in the Debtor no matter how held,

18   including issued and outstanding shares of common stock, preferred stock, stock options, warrants,

19   or other evidence of interests in securities of the Debtor.

20   **"Interest Holder(s)"** means Holders of Interests.

21   **"IRS"** means the United States Internal Revenue Service, part of the United States

22   Department of the Treasury, a federal agency that is responsible for the collection and enforcement

23   of taxes.

24   **"Judgment Rate"** means the interest rate as set forth in 28 U.S.C. § 1961(a) on a federal

25   judgment entered on the Petition Date, which was .17% per annum.

26   **"Local Rules"** means the Local Bankruptcy Rules for the United States Bankruptcy Court

27   for the Central District of California, as now in effect or hereafter amended and applicable to the

28   Case.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  "**Miscellaneous Secured Claim**" means any Prepetition Claim of a Creditor secured by a

2  lien on, security interest in, or charge against property of the Estate or that is subject to setoff under

3  section 553 of the Bankruptcy Code, to the extent of the value of such Creditor's interest in the

4  Debtor's interest in such property or to the extent of the amount subject to setoff, as applicable, as

5  determined pursuant to section 506(a) of the Bankruptcy Code, except for those Secured Claims

6  expressly separately classified.

7  "**Non-Ordinary Course Administrative Claim**" means any Administrative Claim, but

8  excluding Ordinary Course Administrative Claims (including Administrative Tax Claims), Cure

9  Claims, 503(b)(9) Claims, Professional Fee Claims, or U.S. Trustee Fees.

10  "**Non-Ordinary Course Administrative Claim Bar Date**" means, with respect to Non-

11  Ordinary Course Administrative Claims, the date by which the Holders of Non-Ordinary Course

12  Administrative Claims must file a request for allowance of such Claims, which deadline is 60 days

13  after the Effective Date.  Notice of the actual date upon which the Non-Ordinary Course

14  Administrative Claims Bar Date falls will be set forth in the notice of the Effective Date of the

15  Amended Plan that will be served on parties-in-interest within 10 days after the Effective Date.

16  "**Non-Ordinary Course Administrative Claim Objection Deadline**" means the date that is

17  at least 14 days prior to the hearing date set with the Bankruptcy Court on a request for the

18  allowance of a Non-Ordinary Course Administrative Claim.

19  "**Non-Priority Wage Claims**" means Prepetition Claims for wages, salaries or commissions,

20  including vacation, severance, and sick leave pay and certain benefits, all as described in sections

21  507(a)(4) and (5) of the Bankruptcy Code, but that do not qualify as Priority Wage Claims.

22  "**Officer(s)**" means Gerald Del Signore as the President, David Simon as Vice President and

23  General Counsel, Joseph Del Signore as the Vice President of Sales, Mike Watson as Vice President

24  of Government Affairs and Corporate Compliance and Nick Percival, as Chief Information Officer.

25  "**Ordinary Course Administrative Claim**" means a Claim for administrative costs or

26  expenses that are allowable under section 503(b) of the Bankruptcy Code, other than 503(b)(9)

27  Claims, Professional Fee Claims, and U.S. Trustee Fees, that are incurred in the ordinary course of

28  the Debtor's operations, including, but not limited to, Administrative Tax Claims.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    **"Person"** means any natural person or legal entity, other than a governmental entity as per

2    11 U.S.C. § 101(41).

3        **"Petition Date"** means February 24, 2012.

4        **"Amended Plan"** means this plan of reorganization under chapter 11 of the Bankruptcy

5    Code, including, without limitation, all exhibits, supplements, appendices, and schedules hereto,

6    either in its present form or as it may be altered, amended, or modified from time to time.

7        **"Amended Plan Documents"** means those documents necessary to effectuate the Plan.

8        **"Postpetition"** means the time from and after the Petition Date through the Effective Date.

9        **"Prepetition"** means the time prior to the Petition Date.

10        **"Priority Non-Tax Claims"** means Prepetition Claims that are referred to in sections

11    507(a)(3), (4), (5), (6), and (7) of the Bankruptcy Code that are not Administrative Claims and that

12    are required to be placed in Classes.

13        **"Priority Tax Claims"** means Prepetition Claims entitled to priority against the Estate under

14    section 507(a)(8) of the Bankruptcy Code.

15        **"Priority Wage Claims"** means Prepetition Claims for wages, salaries or commissions,

16    including vacation, severance, and sick leave pay and certain benefits as described in sections

17    507(a)(4) and (5) of the Bankruptcy Code.

18        **"Professionals"** means those Persons providing advisory or consulting services (i) retained

19    pursuant to an order of the Bankruptcy Court in accordance with sections 327, 1103 and/or 1106 of

20    the Bankruptcy Code and to be compensated for services rendered prior to the Effective Date

21    pursuant to sections 327, 328, 329, 330 and 331 of the Bankruptcy Code or (ii) for which

22    compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to sections

23    330 and 503(b)(2) of the Bankruptcy Code.

24        **"Professional Fee Claim"** means an Administrative Claim under sections 327, 328, 330,

25    331, 503, or 1103 of the Bankruptcy Code for compensation for professional services rendered or

26    expenses incurred on the Estate's behalf; but not a Claim either under section 503(b)(4) of the

27    Bankruptcy Code for compensation for professional services rendered or under section 503(b)(3)(D)

28    of the Bankruptcy Code for expenses incurred in making a substantial contribution to the Estate,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   which is a Non-Ordinary Course Administrative Claim and is subject to the Non-Ordinary Course

2   Administrative Claim Bar Date.

3        "**Record Date**" means, for purposes of Distributions under this Plan, the Confirmation Date.

4        "**Reorganized Debtor**" shall mean the Debtor, as reorganized pursuant to the Plan.

5        "**Rejection Damage Claim**" means a Claim for rent, other obligations, or damages arising

6   under an unexpired real-property or personal-property lease or executory contract that the Debtor

7   rejects under section 365 of the Bankruptcy Code.

8        "**Rejection Damage Claim Bar Date**" means the later of July 31, 2012 and 30 days after the

9   entry of the order approving the rejection of the contract or lease.

10        "**Scheduled**" means set forth on the Schedules.

11        "**Schedules**" means the Schedules of Assets and Liabilities and the Statement of Financial

12   Affairs Filed by the Debtor with the Bankruptcy Court, pursuant to section 521(a) of the Bankruptcy

13   Code, Bankruptcy Rule 1007(b), and the Official Bankruptcy Forms, as may be amended from time

14   to time.

15        "**Secured Claim**" means a Prepetition Claim of a Creditor which is secured by a valid,

16   enforceable and unavoidable lien against property in which the Estate had an interest, or that was

17   subject to setoff under the Bankruptcy Code, to the extent of the value of such Creditor's interest in

18   the Estate's interest in such property, or to the extent of the amount subject to setoff, as the case may

19   be.

20        "**Stock Option Agreements**" means the Gordian Medical, Inc. Stock Option Agreements

21   entered into by Gordian and certain third-parties pursuant to the 2008 Stock Incentive Plan adopted

22   by the Debtor's board of directors for the purpose of retaining the services of selected employees of

23   the Debtor, non-employee members of the board of directors of the Debtor or of any parent or

24   subsidiary of the Debtor and consultants and other independent advisors in the service of the Debtor

25   or any parent or subsidiary of the Debtor.

26        "**Unclassified Claim**" means any Claim that is not part of any Class, including

27   Administrative Claims and Priority Tax Claims.

28        "**Unimpaired**" means that the legal, equitable, and contractual rights to which a Claim

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    entitles the Holder of such Claim are not altered pursuant to the Plan.

2        **"U.S. Trustee"** means the Office of the United States Trustee for the Central District of

3    California, Santa Ana Division.

4        **"U.S. Trustee Fees"** means all fees and charges assessed against the Estate by the U.S.

5    Trustee and due pursuant to 28 U.S.C. § 1930.

6    **B.**    **Interpretation, Rules Of Construction, Computation Of Time**

7        **1.**    **Defined Terms**

8        Any term used in the Amended Plan that is not defined in the Amended Plan, but that is used

9    in the Bankruptcy Code or Bankruptcy Rules has the meaning assigned to that term in the

10    Bankruptcy Code or Bankruptcy Rules, as applicable, unless the context requires otherwise.

11        **2.**    **Rules of Interpretation**

12        For purposes of the Amended Plan:

13        (a)    whenever from the context it is appropriate, each term, whether stated in the singular

14    or the plural, shall include both the singular and the plural;

15        (b)    any payment required under the Amended Plan on a particular date shall be made on

16    such date or as soon thereafter as practicable;

17        (c)    any reference in the Amended Plan to a contract, instrument, release or other

18    agreement or document being in a particular form or on particular terms and conditions means that

19    such document shall be substantially in such form or substantially on such terms and conditions,

20    delivered and Filed on or before the Exhibit Filing Date as an exhibit to the Amended Plan;

21        (d)    any reference in the Amended Plan to an existing document or exhibit Filed or to be

22    Filed means such document or exhibit, as it may have been or may be amended, modified or

23    supplemented through and including the Confirmation Date which, after they are Filed, may be

24    amended, modified or supplemented only with the express written consent of the Debtor;

25        (e)    unless otherwise specified in a particular reference, all references in the Amended

26    Plan to sections, articles and exhibits are references to sections, articles and exhibits of or to the

27    Amended Plan;

28        (f)    the words "herein," "hereof," "hereto," "hereunder" and others of similar import refer

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    to the Amended Plan in its entirety rather than to only a particular portion of the Amended Plan;

2        (g)    captions and headings to articles and sections are inserted for convenience of

3    reference only and are not intended to be a part of or to affect the interpretation of the Amended

4    Plan;

5        (h)    all exhibits to the Amended Plan and Amended Plan Documents are incorporated

6    herein, regardless of when those exhibits are Filed;

7        (i)    to the extent any discrepancy exists between the description contained herein of a

8    document or agreement that is an exhibit to the Amended Plan and with the provisions of that

9    exhibit, the actual agreement or document shall govern;

10        (j)    the rules of construction set forth in section 102 of the Bankruptcy Code shall apply;

11    and

12        (k)    to the extent of any inconsistency, contradiction or ambiguity between this Plan and

13    or the Confirmation Order on one hand and the settlement agreements between the Debtor and CMS,

14    the IRS and the FTB, on the other hand, the terms of the settlement agreements shall control.

15        **3.**    **Time Periods**

16        In computing any period of time prescribed or allowed by the Plan, the provisions of

17    Bankruptcy Rule 9006(a) shall apply.

18                               **III.**

19                 **UNCLASSIFIED CLAIMS**

20        Certain types of Claims are not placed into Classes; instead, such Claims are Unclassified

21    Claims.  Such Unclassified Claims are not considered Impaired and they do not vote on the

22    Amended Plan because they are automatically entitled to specific treatment provided for them in the

23    Bankruptcy Code.  As such, the Debtor has <u>not</u> placed the following Claims in a Class.  The

24    respective treatments for these Claims are provided below.

25    **A.**    **Administrative Claims**

26        1.    **Allowance of Administrative Claims**

27            a.    Allowance of Non-Ordinary Course Administrative Claims

28        Unless otherwise expressly provided in the Plan, Non-Ordinary Course Administrative

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Claims will be Allowed Claims only if:  (i) on or before the Non-Ordinary Course Administrative

2   Claim Bar Date, the entity holding such Non-Ordinary Course Administrative Claim both Files with

3   the Court a motion requesting allowance of the Non-Ordinary Course Administrative Claim and

4   serves the motion on the counsel for the Debtor and the U.S. Trustee; and (ii) an order is entered by

5   the Bankruptcy Court allowing the Non-Ordinary Course Administrative Claim.

6         **THE NON-ORDINARY COURSE ADMINISTRATIVE CLAIM BAR DATE IS 60**

7   **DAYS AFTER THE EFFECTIVE DATE.  Notice of the actual date upon which the Non-**

8   **Ordinary Course Administrative Claims Bar Date falls will be set forth in the notice of the**

9   **Effective Date of the Amended Plan that will be served on parties-in-interest within ten (10)**

10  **days after the Effective Date.**

11        **Entities holding Non-Ordinary Course Administrative Claims that do not File and**

12  **serve a request for payment on or before the Non-Ordinary Course Administrative Claim Bar**

13  **Date will be forever barred from asserting those Claims against the Debtor, the Estate, the**

14  **Reorganized Debtor, or their respective property.**

15        The Debtor or any other party in interest may File any objection to a motion requesting

16  allowance of a Non-Ordinary Course Administrative Claim at least 14 days prior to the hearing date

17  on such motion and any reply to such objection must be Filed at least 7 days prior to the hearing date

18  pursuant to Local Bankruptcy Rule 9013-1(f) and (g).

19        b.    Allowance of Ordinary Course Administrative Claims

20        Holders of Ordinary Course Administrative Claims (i.e., claims for administrative costs or

21  expenses that are allowable under section 503(b), except Non-Ordinary Course Administrative

22  Claims and 503(b)(9) Claims, of the Bankruptcy Code that are incurred in the ordinary course of the

23  Debtor's business) shall not be required to File any request for payment of such Claims.  CMS shall

24  not be required to file a request for payment of administrative expenses for any postpetition

25  obligations, as they would be in the ordinary course of business.  The Debtor has paid and continues

26  to pay all Ordinary Course Administrative Claims as they become due.  Based on the Cash Flow

27  Projections, the monthly operating expenses of the Debtor are currently approximately $3.9 million

28  per month and are satisfied out of the cash flows generated by the Debtor's business.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

   c. Allowance of 503(b)(9) Claims

2

  Holders of 503(b)(9) Claims were required to File their Claims by the General Bar Date,

3

which was July 31, 2012.  A 503(b)(9) Claim will be an Allowed 503(b)(9) Claim if (i) no objection,

4

motion or other proceeding to estimate, equitably subordinate, reclassify, set off, or otherwise limit

5

the recovery thereon has been asserted before the expiration of the Claims Objection Deadline,

6

which is 90 days after the Effective Date, unless upon motion of the Reorganized Debtor, the

7

Bankruptcy Court extends such deadline, or (ii) any objection, motion or other proceeding to

8

estimate, equitably subordinate, reclassify, or set off has been resolved by agreement between the

9

Claimant and the Debtor, or the Reorganized Debtor or by Final Order of the Bankruptcy Court.

10

  All of the 503(b)(9) Claims that were filed in this Case were paid during the Case pursuant to

11

Stipulations between the Claimants and the Debtor and orders of the Bankruptcy Court.  The Debtor

12

is not aware of any outstanding 503(b)(9) Claims.

13

   d. Allowance of Professional Fee Claims

14

  Each Professional seeking approval by the Bankruptcy Court of a Professional Fee Claim,[3]

15

which includes compensation for services rendered or reimbursement of expenses incurred through

16

and including the Effective Date must (i) File its final application for allowance of compensation for

17

services rendered and reimbursement of expenses incurred through the Effective Date by no later

18

than the 60th day following the Effective Date.  Any objection to such Professional Fee Claims shall

19

be Filed on or before the date specified in the application for final compensation.  All such requests

20

for payment of such Professional Fee Claims will be subject to the authorization and approval of the

21

Bankruptcy Court.  **Persons holding Professional Fee Claims who do not timely File and serve a**

22

**final fee application will be forever barred from asserting those Claims against the Debtor, the**

23

**Debtor's Estate, the Reorganized Debtor or the property of any of them, unless otherwise**

24

**ordered by the Bankruptcy Court.**  Pursuant to a ruling of this Court, Landau, Gottfried, & Berger

25

LLP, counsel for the former Committee, and Avant Advisory Group, special consultant to the former

26

27

28

---

[3] Professional Fee Claims do not include Claims either under section 503(b)(4) of the Bankruptcy Code for compensation for professional services rendered or under section 503(b)(3)(D) of the Bankruptcy Code for expenses incurred in making a substantial contribution to the Estate, which Claims are Non-Ordinary Course Administrative Claims and are subject to the Non-Ordinary Course Administrative Claims Bar Date, which is 60 days after the Effective Date.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:262432.10 03717/002

1   Committee, are excused from filing any further fee applications as their prior interim fee

2   applications will be considered final fee applications.

3        There is an interim fee procedure in place in this Case pursuant to which the Professionals

4   that have filed fee applications have been paid allowed amounts during the course of the Case.  The

5   Debtor estimates that the amount of the Allowed Professional Fee Claims that will remain unpaid as

6   of the Effective Date will be approximately $500,000.

7             e.      Allowance of Cure Claims

8        A Cure Claim shall become an Allowed Cure Claim when the assumption of the affected

9   unexpired lease or executory contract is effective, pursuant to the applicable order of the Bankruptcy

10  Court that addresses the assumption of the applicable unexpired lease or executory contract and the

11  amount of the Cure Claim is set in that order.  The Debtor is not currently aware of any Cure Claims

12  other than the payments to be made to CMS pursuant to the CMS Settlement Agreement in order to

13  allow the Debtor to assume the Supplier Agreement between it and CMS.

14       **2.      Treatment of Administrative Claims**

15            a.      Payment of Allowed Non-Ordinary Course Administrative Claims

16       Except to the extent that any entity entitled to payment of a Non-Ordinary Course Allowed

17  Administrative Claim agrees to a less favorable treatment, each Holder of a Non-Ordinary Course

18  Allowed Administrative Claim will receive in full satisfaction, discharge, exchange and release

19  thereof, Cash in an amount equal to such Allowed Non-Ordinary Course Administrative Claim on

20  the later of (i) the Effective Date, and (ii) the fifteenth (15th) Business Day after such Non-Ordinary

21  Course Administrative Claim becomes an Allowed Non-Ordinary Course Administrative Claim, or,

22  in either case, as soon thereafter as is practicable.

23            b.      Payment of Allowed Ordinary Course Administrative Claims

24       Each Ordinary Course Administrative Claim, unless disputed by Debtor or the Reorganized

25  Debtor, shall be satisfied by the Debtor or the Reorganized Debtor, as the case may be, under the

26  terms and conditions of the particular transaction giving rise to that Ordinary Course Administrative

27  Claim without any further action by the Holder of such Ordinary Course Administrative Claim.

28            c.      Payment of 503(b)(9) Claims

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:262432.10 03717/002                    17

1   Except to the extent that any Holder of a 503(b)(9) Claim agrees to a less favorable

2   treatment, each Holder of a 503(b)(9) Claim will receive in full satisfaction, discharge, exchange and

3   release thereof, Cash in an amount equal to such Allowed amount of the 503(b)(9) Claim plus

4   interest at the Judgment Rate from the Petition Date to the date of payment on the later of (i) the

5   Effective Date, and (ii) the fifteenth (15th) Business Day after such 503(b)(9) Claim becomes an

6   Allowed Claim, or, in either case, as soon thereafter as is practicable.

7          d.      Payment of Professionals

8   Holders of Professional Fee Claims, to the extent approved by the Bankruptcy Court, are to

9   be paid, in full satisfaction, discharge, exchange and release thereof, Cash in such amounts as are

10   Allowed by the Bankruptcy Court on the date such Professional Fee Claim becomes an Allowed

11   Claim, or as soon thereafter as is practicable.

12          e.      Payment of U.S. Trustee Fees

13   On or before the Effective Date, all fees payable under 28 U.S.C. § 1930, as determined by

14   the Bankruptcy Court at the Confirmation Hearing, shall be paid in Cash, in full. The Debtor will

15   continue to file the Post-Confirmation Quarterly Reports as required until the Effective Date. After

16   the Effective Date, the Reorganized Debtor will file the Post-Confirmation Quarterly Reports as they

17   become due until the Case is closed under section 350 of the Bankruptcy Code.

18          f.      Payment of Cure Claims

19   Each Holder of a Cure Claim will receive in full satisfaction, discharge, exchange and release

20   thereof, payment of such Cure Claim pursuant to the terms of any agreement between the Holder of

21   the Cure Claim and the Debtor or Reorganized Debtor (such as the CMS Settlement Agreement), as

22   the case may be, or pursuant to the terms of any Final Order of the Bankruptcy Court establishing

23   the Cure Claim. If no terms of payment are specified in either an agreement or an order of the

24   Bankruptcy Court, the Cure Claim will be paid in Cash, in full, on the date that the assumption and

25   assignment of the unexpired lease or executory contract is effective or as soon thereafter as is

26   practicable as required by section 365(b) of the Bankruptcy Code. The Debtor is currently unaware

27   of any Cure Claims, other than the payments to be made to CMS pursuant to the CMS Settlement

28   Agreement.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3.      **Treatment of Priority Tax Claims**

In accordance with section 1129(a)(9)(C) of the Bankruptcy Code, except as otherwise agreed to by the parties, each holder of an Allowed Priority Tax Claim shall receive deferred Cash payments over a period not exceeding five (5) years from the Petition Date.  Payments shall be made in equal, quarterly installments and each installment shall include simple interest accrued on the unpaid portion of such Claim at the Judgment Rate per annum from and after the Effective Date; provided, however, that the Reorganized Debtor reserves the right to pay any Allowed Priority Tax Claim, or any remaining balance of such Allowed Claim, in full, at any time on or after the Effective Date without premium or penalty.  The IRS and FTB Claims, including any alleged priority claims, will be paid pursuant to the terms of the settlements between the Debtor and the IRS and FTB.  The Debtor is not aware of any additional Priority Tax Claims.

## IV.

## CLASSIFIED CLAIMS AND INTERESTS

A.      **General**

Claims against, and the Interests in, the Debtor are classified into the following Classes:

| Class | Type of Claim | Impaired/Entitled to Vote |
|---|---|---|
| Class 1a | Priority Wage Claims | Unimpaired – Not Entitled to Vote |
| Class 1b | Priority Non-Tax Claims other than Priority Wage Claims | Unimpaired—Not Entitled to Vote |
| Class 2 | CMS Secured Claim | Unimpaired—Not Entitled to Vote |
| Class 3 | Miscellaneous Secured Claims | Unimpaired—Not Entitled to Vote |
| Class 4 | Non-Priority Wage Claims | Unimpaired—Not Entitled to Vote |
| Class 5 | General Unsecured Claims | Unimpaired—Not Entitled to Vote |
| Class 6 | Common Stock Interests | Unimpaired—Not Entitled to Vote |
| Class 7 | Stock Option Holders | Unimpaired—Not Entitled to Vote |

B.      **Priority Non-Tax Claims (Classes 1a and 1b) – Unimpaired**

1.      **Description**

Class 1 consists of Priority Non-Tax Claims, which are Prepetition Unsecured Claims, other than Priority Tax Claims, that are entitled to priority in payment pursuant to section 507(a) of the Bankruptcy Code.  Such Claims include, but are not limited to, Claims for wages, salaries or

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    commissions, including vacation, severance, and sick leave pay and certain benefits as described in

2    sections 507(a)(4) and (5) of the Bankruptcy Code, defined herein as "Priority Wage Claims."

3    Priority Wage Claims are limited in amount to $11,725 per person.

4         **2.    Treatment of Priority Wage Claims (Class 1a)**

5         Priority Wage Claims have been satisfied pursuant to the *Order Authorizing the Debtor to*

6    *Honor and Pay Prepetition Workforce Obligations* (the "Wage Order") entered by the Court on

7    March 5, 2012 [Docket No. 57], or will be satisfied by the Debtor honoring its prepetition policies in

8    the ordinary course of its business.

9         **3.    Treatment of Priority Non-Tax Claims other than Priority Wage Claims
             (Class 1b)**

10        To the extent any Priority Non-Tax Claims other than Priority Wage Claims exist, and unless

11   otherwise mutually agreed upon by the Holder of an Allowed Priority Non-Tax Claim that is not a

12   Priority Wage Claim and the Debtor, each such Holder will receive Cash in an amount equal to such

13   Allowed Priority Non-Tax Claim (which has not already been paid) on the later of the Effective Date

14   and the date such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim pursuant to

15   a Final Order, or, in either event, as soon thereafter as is practicable.

16   **C.    CMS Secured Claim (Class 2) - Unimpaired**

17        **1.    Description**

18        Class 2 consists of any Allowed Claim held by CMS that is determined to be secured by

19   CMS's right of offset or alleged right of recoupment.

20        **2.    Treatment**

21        The Debtor disputes that CMS has a Claim that will be Allowed as a Secured Claim but in

22   any event the CMS Claim, including any allegedly secured portion thereof, will be paid pursuant to

23   the terms of the to-be-approved settlement between the Debtor and CMS.

24   **D.    Miscellaneous Secured Claims (Class 3) - Unimpaired**

25        **1.    Description**

26        Miscellaneous Secured Claims are as defined in Section II above.  Each Claim that is a

27   Miscellaneous Secured Claim shall be deemed to be classified in a separate sub-Class of Class 3.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Each such sub-Class of Class 3 shall be deemed to be a separate Class under this Amended Plan and,

2    for purposes of voting on the Plan, each sub-Class shall be deemed to be unimpaired and, therefore,

3    none shall be entitled to vote on the Plan.

4          **2.      Treatment**

5          As soon as practicable after the Effective Date, each Holder of an Allowed Miscellaneous

6    Secured Claim, except to the extent that the Holder of a particular Claim has agreed to a different

7    treatment, shall receive, at the election of the Reorganized Debtor in its sole discretion, one of the

8    following treatments in full satisfaction, discharge, exchange and release of its Allowed

9    Miscellaneous Secured Claim:

10          a.      The Reorganized Debtor shall abandon the collateral securing such Allowed

11    Miscellaneous Secured Claim to the Holder of the Claim in full satisfaction and release of such

12    Claim;

13          b.      The Reorganized Debtor shall pay the Holder of the Allowed Other Secured

14    Claim Cash equal to the amount of its Allowed Other Secured Claim with interest at the contract

15    rate, or if no contract rate exists, at the Judgment Rate, or such lesser amount to which the Holder of

16    such Claim shall agree, in full satisfaction and release of such Claim; or

17          c.      The Reorganized Debtor shall reinstate the Miscellaneous Allowed Secured

18    Claim in compliance with section 1124(2) of the Bankruptcy Code and shall not otherwise alter the

19    legal, equitable, or contractual rights to which such claim entitles the Holder.

20          The Reorganized Debtor, on the later of the Effective Date and the date upon which the

21    Miscellaneous Secured Claim becomes an Allowed Miscellaneous Secured Claim will elect which

22    treatment to provide to the Holder of such Allowed Miscellaneous Secured Claims, provided

23    however, the Debtor may make the election at any such earlier date as the Debtor deems appropriate.

24          Miscellaneous Secured Claims are unimpaired by the Plan.  The Debtor is not aware of any

25    Miscellaneous Secured Claims.

26    **E.    Non-Priority Wage Claims (Class 4) Unimpaired**

27          **1.      Description**

28          Class 4 consists of Non-Priority Wage Claims, which are General Unsecured Claims for

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   wages, salaries or commissions, including vacation, severance, and sick leave pay and certain

2   benefits, all as described in sections 507(a)(4) and (5) of the Bankruptcy Code, but that do not

3   qualify as Priority Wage Claims.

4       **2.    Treatment**

5       The majority of Non-Priority Wage Claims have been paid pursuant to the *Order Granting*

6   *Joint Motion of the Debtor and Gerald Del Signore for Order Pursuant to Section 105(a) of the*

7   *Bankruptcy Code Approving Payment in Full by Gerald Del Signore of all Claims Scheduled or*

8   *Filed Against the Debtor Other than Claims Filed by Certain Governmental Units* [Docket 1082].

9   The balance of the Non-Priority Wage Claims will be satisfied by the Debtor honoring its prepetition

10  policies in the ordinary course of its business.  The Debtor is not aware of any other Priority Non-

11  Wage Claims.  The Class 4 Claims are unimpaired by the Plan.

12  **F.    General Unsecured Claims (Class 5) - Unimpaired**

13      **1.    Description**

14      General Unsecured Claims are Claims that are not Administrative Claims, Priority Tax

15  Claims, Priority Non-Tax Claims, or Secured Claims.

16      **2.    Treatment**

17      The Claims filed by the Governmental Entities are each filed, at least partially, as General

18  Unsecured Claims and will be paid pursuant to the settlements between the Governmental Entities

19  and the Debtor.  The remaining general unsecured claims, other than those disallowed by the Court,

20  have been paid pursuant to the *Order Granting Joint Motion of the Debtor and Gerald Del Signore*

21  *for Order Pursuant to Section 105(a) of the Bankruptcy Code Approving Payment in Full by Gerald*

22  *Del Signore of all Claims Scheduled or Filed Against the Debtor Other than Claims Filed by Certain*

23  *Governmental Units* [Docket 1082].  The Class 5 Claims are unimpaired by the Plan.

24  **G.    Interests (Class 6) Unimpaired**

25      **1.    Description**

26      Class 6 consists of all Holders of common stock in the Debtor, including the equity interests

27  in the Debtor held by Gerald Del Signore, Jean Del Signore, and Joseph Del Signore..

28      **2.    Treatment**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    On the Effective Date, all Holders of Class 6 Interests will retain his or her Interest in the

2    Reorganized Debtor in the same percentage as he or she held in the Debtor and such interest will be

3    unaffected by the Plan.  Class 6 Interests are unimpaired by the Plan.

4    **H.    Interests (Class 7) Unimpaired**

5        **1.    Description**

6        Class 7 consists of each non-Debtor party to a Stock Option Agreement that remains in effect

7    pursuant to its own terms as of the Effective Date.

8        **2.    Treatment**

9        On the Effective Date, all Holders of Class 7 Interests will retain his or her rights as set forth

10    in the Stock Option Agreement to which such Interest Holder is a party and such Interest shall be

11    unaffected by the Plan.  To the extent that the Stock Option Agreements are determined to be

12    executory contracts subject to section 365 of the Bankruptcy Code, the Stock Option Agreements

13    will be assumed as of the Effective Date.  Class 7 Interests are unimpaired by the Plan.

**V.**

14

15    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

16        The Bankruptcy Code authorizes the Debtor, subject to the approval of the Bankruptcy

17    Court, to assume, assume and assign, or reject executory contracts and unexpired leases.  Such

18    assumption, assumption and assignment, or rejection may be effected during the Case or through the

19    Plan.  This Article of the Amended Plan contains the provisions relating to the assumption or

20    rejection of the executory contracts and unexpired leases of the Debtor.

21    **A.    Assumption of Executory Contracts and Leases**

22        Any and all executory contracts or unexpired leases that (i) have not expired by their own

23    terms on or prior to the Effective Date, (ii) have not been assumed, assumed and assigned, or

24    rejected with the approval of the Bankruptcy Court or by operation of law prior to the Effective

25    Date, (iii) are not the subject of a motion to assume or assume and assign pending as of the Effective

26    Date, or (iv) are not Rejected Contracts (as defined below), are assumed by the Debtor effective on

27    the Effective Date (collectively, the "Assumed Contracts").  The entry of the Confirmation Order by

28    the Bankruptcy Court will constitute approval of such assumption effective on the Effective Date

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    pursuant to sections 365(a) and 1123 of the Bankruptcy Code.

2    The Debtor has determined that no cure amount is due to any counterparty to any Assumed

3    Contract, other than the payments to be made to CMS pursuant to the CMS Settlement Agreement.

4    Any party to an Assumed Contract who disputes (i) that no cure payment is due, (ii) the ability of the

5    Reorganized Debtor to provide "adequate assurance of future performance" (within the meaning of

6    section 365 of the Bankruptcy Code) under the applicable Assumed Contract, or (iii) any other

7    matter pertaining to assumption of an Assumed Contract, must file an objection on or before April

8    29, 2015, which is the deadline set for the filing of any objection to the Plan.  Failure to file an

9    objection to the assumption of an Assumed Contract shall be deemed consent to the determination

10   that no cure amount is owed and consent to the assumption of the Assumed Contract.  A dispute

11   regarding the Debtor's assumption of any Assumed Contract shall be subject to the jurisdiction of

12   the Bankruptcy Court.  Any cure claim of CMS related to the Medicare Supplier Agreement with the

13   Debtor will be paid pursuant to the settlement agreement between the parties.

14   **B.**    **Rejection of Executory Contracts or Unexpired Leases**

15   Attached to the Amended Plan as **Exhibit A** is a list of all executory contracts and unexpired

16   leases that will be rejected pursuant to section 365 of the Bankruptcy Code (the "Rejected

17   Contracts") with such rejection being effective as of the Effective Date.

18   The Debtor reserves the right to add or delete Rejected Contracts from **Exhibit A** until April

19   27, 2015, which is 10 days prior to the deadline for objections to the Confirmation of the Plan.  The

20   Debtor, on the same day that such addition or deletion is filed, will notify the non-Debtor

21   counterparty of any executory contract or unexpired lease that is added to or deleted from **Exhibit A**

22   of such addition or deletion.  If an executory contract or unexpired lease is deleted from **Exhibit A,**

23   the Debtor will give the counterparty to such executory contract or unexpired lease notice that such

24   executory contract or unexpired lease is to be assumed.  The notice will contain the Debtor's

25   estimate of any cure amount and an explanation of the counterparty's right to object to the cure

26   amount or the assumption of the executory contract or unexpired lease as discussed in Section V.A

27   above.  Such notice will be delivered by fax, email or, if neither of those methods is available, by

28   overnight delivery.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  IF THE REJECTION OF AN EXECUTORY CONTRACT OR UNEXPIRED LEASE

2  RESULTS IN DAMAGES TO THE OTHER PARTY OR PARTIES TO SUCH CONTRACT OR

3  LEASE, ANY CLAIM FOR SUCH DAMAGES, IF NOT HERETOFORE EVIDENCED BY A

4  FILED PROOF OF CLAIM, WILL BE FOREVER BARRED AND WILL NOT BE

5  ENFORCEABLE AGAINST THE DEBTOR, THE REORGANIZED DEBTOR, ITS PROPERTIES

6  OR AGENTS, OR SUCCESSORS OR ASSIGNEES, UNLESS A PROOF OF CLAIM IS FILED

7  WITH THE BANKRUPTCY COURT AND SERVED UPON COUNSEL FOR THE

8  REORGANIZED DEBTOR ON OR BEFORE 30 DAYS AFTER THE LATER TO OCCUR OF

9  THE EFFECTIVE DATE AND THE DATE OF ENTRY OF AN ORDER BY THE

10  BANKRUPTCY COURT AUTHORIZING REJECTION OF A PARTICULAR EXECUTORY

11  CONTRACT OR UNEXPIRED LEASE.  Notice of the Rejection Damage Claim Bar Date will be

12  served on each counterparty to a Rejected Contract as part of the notice of the Effective Date, as set

13  forth herein.

## VI.

## AMENDED PLAN IMPLEMENTATION

**A.**    **The Effective Date**

The Effective Date of the Amended Plan shall be the first Business Day after the date when

the following have occurred:  (i) the Confirmation Order shall have become a Final Order; provided,

however, in the sole and absolute discretion of the Debtor, a Confirmation Order that is subject to a

pending appeal or certiorari proceeding may be considered a Final Order provided no court of

competent jurisdiction has entered an order staying the effect of the Confirmation Order; (ii) all

actions, documents and agreements deemed necessary in the Debtor's discretion to implement the

Amended Plan will have been effected or executed; (iii) an order resolving the Disputed Claim of

CMS shall have become a Final Order; (iv) an order resolving the Disputed Claim of the IRS shall

have become a Final Order; (v) an order resolving the Disputed Claim of the FTB shall have become

a Final Order; and (iv) the Debtor will have received, in addition to the Confirmation Order and the

orders resolving the CMS, IRS and FTB Disputed Claims, all authorizations, consents, rulings,

opinions or other documents that are determined by the Debtor to be necessary to implement the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Plan.

2      The Amended Plan will not be consummated or become binding unless and until the

3  Effective Date occurs.

4      As soon as practicable after the occurrence of the Effective Date, but no later than 10 days

5  thereafter, the Debtor shall File and serve on each Holder of a Claim or Interest and each non-Debtor

6  counterparty to an Assumed Contract or Rejected Contract a written notice of occurrence of

7  Effective Date.

8  **B.**    **Funding of the Plan**

9      The source of funds for the payments that the Reorganized Debtor will be required to make

10  (or reserve for) on the Effective Date is the Debtor's Cash on hand (expected to be approximately

11  $4.5 million) and the Contribution (approximately $13.5 million) currently held in an account at

12  Troutman Sanders LLP.

13  **C.**    **Vesting of the Debtor's Assets**

14      Except as otherwise provided in the Plan, on and after the Effective Date, all property of the

15  Estate will vest in the Reorganized Debtor free and clear of all Claims, liens, charges, other

16  encumbrances and interests.  The Confirmation Order will provide the Reorganized Debtor with

17  express authority to convey, transfer and assign any and all of the Reorganized Debtor's property in

18  accordance with the terms of this Amended Plan and to take all actions necessary to effectuate same

19  and to prosecute or not prosecute, as the Reorganized Debtor deems appropriate, any and all Causes

20  of Action.

21  **D.**    **Corporate Structure**

22      The Debtor will remain a Nevada corporation after the Effective Date.  The owners and their

23  respective percentages of ownership interests in the Debtor will also remain unchanged.

24  **E.**    **Corporate Charter Amendment**

25      To the extent it does not already so provide, the Debtor's charter shall be amended to include

26  a provision prohibiting the issuance of nonvoting equity securities, and providing, as to any classes

27  of securities possessing voting power, an appropriate distribution of such power among such classes,

28  including, in the case of a class of equity securities having a preference over another class of equity

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  securities with respect to dividends, adequate provisions for the election of directors representing

2  such preferred class in the event of default in the payment of such dividends, all as required by

3  section 1123(a)(6) of the Bankruptcy Code.

4  **F.    Reorganized Debtor's Officers and Directors**

5      As of the Effective Date, management, control, and operation of the Reorganized Debtor will

6  remain unchanged: (1) Gerald Del Signore will be the President and sole member of the Board of

7  Directors; (2) David Simon will serve as Vice President and General Counsel; (3) Joseph Del

8  Signore will be the Vice President of Sales; (3) Mike Watson will be the Vice President of

9  Government Affairs and Corporate Compliance; and (5) Nick Percival will be the Chief Information

10 Officer.  Mr. Gerald Del Signore's initial monthly post-Effective Date compensation will be

11 $43,300, Mr. Simon's will be $17,600, Mr. Joseph Del Signore's will be $43,300, Mr. Watson's will

12 be $16,600, and Mr. Percival's will be $18,750.

**VII.**

**LITIGATION**

**A.    Preservation of Causes of Action**

16     The Debtor will review available information regarding the Debtor's Causes of Action

17 against other parties or entities.  In addition, there may be Causes of Actions that currently exist, or

18 may subsequently arise, of which the Debtor currently has no knowledge.  The Debtor does not

19 intend, and it should not be assumed that because any existing or potential claims or Causes of

20 Action have not yet been pursued by the Debtor, or do not fall within the description below, that any

21 such claims or Causes of Action have been waived.  Under the Plan, the Reorganized Debtor retains

22 all rights to pursue any and all claims of the Debtor or Causes of Action to the extent the

23 Reorganized Debtor deems appropriate (under any theory of law or equity, including, without

24 limitation, the Bankruptcy Code and any applicable local, state, or federal law, in any court or other

25 tribunal, including, without limitation, in an adversary proceeding Filed in the Case).

26     Existing or potential claims or Causes of Action that may be pursued by the Reorganized

27 Debtor after the Effective Date, include, without limitation:  (i) those listed on **Exhibit B** attached

28 hereto; (ii) all Causes of Action or proceeding pending related to accounts receivable of the Debtor;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:262432.10 03717/002                    27

1   (iii) any and all Causes of Action pursuant to any applicable section of the Bankruptcy Code,

2   provided, however, the Reorganized Debtor does not intend to pursue any Avoidance Power Causes

3   of Action; (iv) objections to Claims; (v) claims that the Estate is entitled to set off or recoup against

4   parties with Claims; (vi) any action for equitable subordination of any Claim; and (vii) any other

5   litigation or Causes of Action, whether legal, equitable, or statutory in nature, arising out of, or in

6   connection with, the Debtor's business, Assets, or operations, or otherwise affecting the Debtor.

7        After the Effective Date, the Reorganized Debtor may continue to prosecute any litigation or

8   Causes of Action, whether legal, equitable, or statutory in nature, arising out of, or in connection

9   with, the Debtor's business, Assets, or operations, or otherwise affecting the Debtor.

10       The Debtor's investigation of potential causes of action held by the Estate is ongoing.  As a

11  result, Holders of Claims and other parties in interest should be, and are pursuant to the terms of the

12  Plan, specifically advised that, notwithstanding that the existence of any particular Causes of Action

13  may not be listed, disclosed, or set forth in the Plan, Causes of Action may be brought against the

14  Holder of any Claim at any time, subject to any applicable statute of limitations under state law or

15  federal law, as such may have been extended by the Bankruptcy Code.

16  **B.      Preservation of All Litigation and Causes of Action Not Expressly Settled and Released**

17       The Reorganized Debtor retains all rights on behalf of the Debtor and the Estate to

18  commence and pursue, as appropriate, any and all claims or Causes of Action, whether arising

19  before or after the Petition Date, in any court or other tribunal.  The failure to list any potential or

20  existing claims or Causes of Action is not intended to limit the rights of the Reorganized Debtor to

21  pursue any claims or Causes of Action not listed or identified.

22       Unless a claim or Cause of Action against a Creditor or other Person is expressly waived,

23  relinquished, released, compromised, or settled in this Amended Plan or any Final Order, the

24  Reorganized Debtor expressly reserves such claim or Cause of Action for later adjudication

25  (including, without limitation, claims and Causes of Action not specifically identified, of which the

26  Debtor may presently be unaware, or that may arise or exist by reason of additional facts or

27  circumstances unknown to the Debtor at this time, or facts or circumstances that may change or be

28  different from those that Debtor now believes to exist) and, therefore, no preclusion doctrine,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   including, without limitation, the doctrines of *res judicata,* collateral estoppel, issue preclusion,

2   claim preclusion, waiver, estoppel (judicial, equitable, or otherwise), or laches shall apply to such

3   claims or Causes of Action upon, or after, the Confirmation or consummation of this Plan, except

4   where such claims or Causes of Action have been expressly released in this Amended Plan or other

5   Final Order.

6   **C.**    **The Reorganized Debtor as Representative of the Estate**

7        The Reorganized Debtor from and after the Effective Date will be appointed as the

8   representative of the Estate pursuant to sections 1123(a)(5), (a)(7) and (b)(3)(B) of the Bankruptcy

9   Code and as such will be vested with the authority and power to *inter alia*: (i) object to Claims

10   against the Debtor; (ii) administer, investigate, prosecute, settle and abandon all claims of the Debtor

11   and Causes of Action; (iii) make Distributions provided for in the Plan, including, but not limited to,

12   on account of Allowed Claims; and (iv) take such action as required to administer, wind-down and

13   close the Case.  As the representative of the Estate, the Reorganized Debtor will succeed to all of the

14   rights and powers of the Debtor and the Estate with respect to all Assets vested in the Reorganized

15   Debtor and the Reorganized Debtor, as of the Effective Date, will be substituted and will replace the

16   Debtor and the Estate, as the party in interest in any litigation pending as of the Effective Date.

17        The Reorganized Debtor retains, and may exclusively enforce, any and all such claims,

18   rights, or Causes of Action.  The Reorganized Debtor has the exclusive right, authority and

19   discretion to institute, prosecute, abandon, settle, or compromise all such claims, rights and Causes

20   of Action without the consent or approval of any third party, and without any further Court order of

21   the Court.

22        Any Person to whom Debtor has incurred an obligation (whether on account of services,

23   purchase, sale of goods, or otherwise), or who has received services from the Debtor or a transfer of

24   money or property of the Debtor or the Estate, or who has transacted business with the Debtor or the

25   Estate, or leased equipment or property to the Debtor or the Estate should assume that such

26   obligation, transfer, or transaction may be reviewed by the Reorganized Debtor subsequent to the

27   Effective Date and may, if appropriate, be the subject of an action after the Effective Date, whether

28   (i) such Person has Filed a proof of claim; (ii) such Person's proof of claim has been objected to by

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   the Estate; (iii) such Person's Claim was included in the Schedules; (iv) such Person's Scheduled

2   Claims have been objected to by the Estate or has been identified by the Estate as disputed,

3   contingent, or unliquidated; or (v) such action falls within the description of Causes of Action in the

4   preceding section.

5   <div align="center">**VIII.**</div>

6   <div align="center">**OBJECTIONS TO CLAIMS AND DISTRIBUTIONS**</div>

7   **A.**   **Objections to Claims; Prosecution of Disputed Claims**

8   The Reorganized Debtor may object to the allowance of Claims or Interests Filed with the

9   Bankruptcy Court where the Reorganized Debtor disputes liability or allowance in whole or in part.

10   All objections will be litigated to Final Order; provided, however, that the Reorganized Debtor will

11   have the authority to File, settle, compromise, or withdraw any objections to Claims or Interests, in

12   its sole and absolute discretion, without approval of the Bankruptcy Court.  The Reorganized Debtor

13   will File and serve all objections to Claims as soon as practicable, but no later than 90 days after the

14   Effective Date, unless upon motion of the Reorganized Debtor, the Bankruptcy Court extends such

15   deadline.

16   **B.**   **Estimation of Claims**

17   The Reorganized Debtor at any time may request that the Bankruptcy Court estimate any

18   contingent or unliquidated Claim pursuant to section 502(c) of the Bankruptcy Code, regardless of

19   whether the Reorganized Debtor or the Debtor previously objected to such contingent or

20   unliquidated Claim. The Bankruptcy Court will retain jurisdiction to estimate any contingent or

21   unliquidated Claim at any time during litigation concerning any objection to any contingent or

22   unliquidated Claim, including, without limitation, an objection during the pendency of any appeal

23   relating to any such objection.  Subject to the provisions of section 502(j) of the Bankruptcy Code, in

24   the event that the Bankruptcy Court estimates any contingent or unliquidated Claim, the amount so

25   estimated will constitute the allowed amount of such contingent or unliquidated Claim.  If the

26   estimated amount constitutes a maximum limitation on the amount of such contingent or

27   unliquidated Claim, the Reorganized Debtor may pursue supplementary proceedings to object to the

28   allowance of such contingent or unliquidated Claim.  All of the aforementioned objection,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:262432.10 03717/002

<div align="center">30</div>

1    estimation, and resolution procedures are intended to be cumulative and not necessarily exclusive of

2    one another.  Claims may be estimated and subsequently compromised, settled, withdrawn, or

3    resolved by any mechanism approved by the Bankruptcy Court.

4    **C.**    **Payments and Distributions on Disputed Claims**

5         At such time as a Disputed Claim becomes an Allowed Claim, the Reorganized Debtor shall

6    distribute to the Holder thereof the Distribution, if any, to which such Holder is then entitled under

7    this Amended Plan (net of any expenses, including any taxes, relating thereto).  No Distribution will

8    be made with respect to all, or any portion, of any Disputed Claim pending the entire resolution

9    thereof.

10   **D.**    **Time and Method of Distributions**

11        All Distributions under this Amended Plan will be made by the Reorganized Debtor except

12   as otherwise provided herein.  Whenever any Distribution to be made under this Amended Plan is

13   due on a day other than a Business Day, such Distribution will instead be made on the immediately

14   succeeding Business Day, or as soon thereafter as is practicable, but will be deemed to have been

15   made on the date due.  Unless the entity receiving a payment agrees otherwise, any payment in cash

16   to be made by the Reorganized Debtor will be made, at the election of the Reorganized Debtor, by

17   check drawn on a domestic bank or by wire transfer from a domestic bank.

18   **E.**    **Time Bar to Cash Payment**

19        Any cash or other property that is unclaimed for 180 days after the Distribution is sent by

20   mail to the last known mailing address for the Person entitled thereto, as provided in the Amended

21   Plan ("Unclaimed Property"), will be deemed paid to such entitled Person, and such Person will not

22   be entitled to any future Distributions under this Plan.  Any Unclaimed Property shall re-vest in

23   Reorganized Debtor.

24   **F.**    **Compliance with Tax Requirements**

25        To the extent applicable, the Reorganized Debtor will comply with all tax withholding and

26   reporting requirements imposed on it by any governmental unit, and all Distributions pursuant to this

27   Amended Plan will be subject to such withholding and reporting requirements.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**G.**     <u>Setoffs</u>

The Reorganized Debtor, pursuant to sections 502(b)(1) and 558 of the Bankruptcy Code and applicable nonbankruptcy law, may set off against any Allowed Claim, and the Distributions to be made pursuant to this Amended Plan on account thereof (before any Distribution is made on account of such Claim), the claims, rights and causes of action of any nature that the Debtor or Reorganized Debtor may have against the Holder of such Allowed Claim; provided, however, that neither the failure to effect such a setoff, nor the allowance of any Claim under this Plan, shall constitute a waiver or release by the Reorganized Debtor of any such claims, rights and causes of action that the Debtor may possess against such Holder.

**H.**     *<u>De Minimis</u> Distributions*

Any other provision of this Amended Plan notwithstanding, the Reorganized Debtor shall not be required to make Distributions to any Creditor in an amount less than $20.00.

**I.**     <u>Finality of Distributions</u>

All Distributions made prior to the Effective Date pursuant to any order of the Bankruptcy Court or after the Effective Date pursuant to the provisions of this Plan, shall be deemed final, and no Person shall have any right to require or petition the Bankruptcy Court for a disgorgement of any such Distribution unless the Distribution was contrary to the provisions of the Plan; provided however, nothing herein shall preclude the right of parties in interest to object to the final fee applications Filed by Professionals or the Court's authority and ability to review and rule on the final fee applications Filed by Professionals.

**J.**     <u>Name and Address of Holder</u>

For purposes of all Distributions under this Plan, the Reorganized Debtor will be entitled to rely on the name and address of the Holder of each Allowed Claim as shown on any timely Filed proof of Claim and, if none, as shown on the Schedules as of the date of the hearing on Confirmation of the Plan, except to the extent that the Reorganized Debtor receives written notice of a name change, transfer or change of address (including such a notice Filed with the Court and served on the Reorganized Debtor), properly executed by the Holder or its authorized agent, at least 10 days before the Distribution to be made to that Holder. If such notice is not received 10 days before the date of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   the Distribution to that Holder, and the Distribution is returned to the Reorganized Debtor, such

2   Distribution will be re-sent within 10 days after receipt by the Reorganized Debtor of the returned

3   Distribution in accordance with the information contained on the notice.  Notices should be served

4   on the Reorganized Debtor at the following address: c/o Pachulski Stang Ziehl & Jones LLP, 10100

5   Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, Attn: Felice Harrison.

IX.

## MODIFICATION, WITHDRAWAL AND REVOCATION

## OF THE AMENDED PLAN OR CONFIRMATION ORDER

9   **A.**      **Modification of the Amended Plan**

10          The Debtor reserves the right to seek to amend or modify the Amended Plan at any time prior

11   to Confirmation pursuant to section 1127(a) of the Bankruptcy Code.  If the Debtor materially

12   modifies the Amended Plan such that one or more Classes are Impaired and entitled to vote on the

13   Plan, the Debtor will file a disclosure statement as required by section 1125 of the Bankruptcy Code,

14   seek the Bankruptcy Court's approval of such disclosure statement, and, after such approval is

15   obtained, will solicit votes from the Impaired Class or Classes entitled to vote on the Plan.

16          Subject to approval of the Bankruptcy Court after notice and a hearing, the Debtor reserves

17   the right to seek to amend or modify the Amended Plan after the entry of the Confirmation Order but

18   before substantial consummation of the Amended Plan pursuant to section 1127(b) of the

19   Bankruptcy Code.

20   **B.**      **Withdrawal of the Plan**

21          The Debtor reserves the right to withdraw the Amended Plan at any time before the entry of

22   the Confirmation Order.

23          At the option of the Debtor, the Amended Plan shall be deemed null and void if any of the

24   following events occur: (i) the Amended Plan is withdrawn; (ii) the Confirmation Order is not

25   entered; (iii) the Effective Date does not occur; (iv) consummation of the Amended Plan is not

26   substantially achieved; or (v) the Confirmation Order is reversed or revoked.  Nothing contained in

27   the Amended Plan shall be deemed to constitute a waiver of any claim by the Debtor, Estate, or

28   Reorganized Debtor or to prejudice in any manner the rights of any of the foregoing in any further

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   proceedings.

2   **C.**    **Effect of Any Vacation or Revocation of the Confirmation Order**

3       If the Confirmation Order is vacated, the Amended Plan shall be null and void in all respects

4   and nothing contained in the Amended Plan shall (a) constitute a waiver or release of any Claims

5   against, or any Interest in, the Debtor or any claim by, or right of, the Debtor, Estate, or the

6   Reorganized Debtor; (b) prejudice in any manner the rights of the Debtor, Estate, or the Reorganized

7   Debtor; or (c) constitute an admission, acknowledgment, offer, or undertaking by the Debtor, Estate,

8   or the Reorganized Debtor in any respect.

9   **D.**    **Confirmation Request**

10      The Debtor requests confirmation of the Amended Plan if all of the applicable requirements

11  of the Bankruptcy Code are met.

12                                  **X.**

13                  **EFFECT OF CONFIRMATION OF THE PLAN**

14  **A.**    **Binding Effect of Confirmation**

15      Confirmation will bind the Debtor, all Creditors, Interest Holders and other parties in interest

16  to the provisions of the Plan.

17      If the Amended Plan is confirmed by the Bankruptcy Court, except as specifically set forth in

18  this Plan, the treatment of Claims set forth in the Amended Plan supersedes and replaces any

19  agreements or rights the Holders of the Claims have in or against the Debtor or its property.

20  **EXCEPT AS SPECIFICALLY SET FORTH IN THIS PLAN, NO DISTRIBUTIONS WILL**

21  **BE MADE AND NO RIGHTS WILL BE RETAINED ON ACCOUNT OF ANY CLAIM,**

22  **WHETHER AN ALLOWED CLAIM OR NOT.**

23  **B.**    **Good Faith**

24      Confirmation of the Amended Plan shall constitute a finding that (i) this Amended Plan

25  has been proposed in good faith and in compliance with applicable provisions of the

26  Bankruptcy Code; and (ii) to the extent applicable, the offer, issuance, sale, or purchase of any

27  security offered or sold under the Amended Plan has been in good faith and in compliance

28  with applicable provisions of the Bankruptcy Code. Accordingly, as of the Effective Date, the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Debtor, the Committee, the individual members of the Committee and each of their respective

2  advisors and attorneys that were employed as of the date the Amended Plan was Filed, will be

3  deemed exculpated by Holders of Claims against and Interests in the Debtor and other parties

4  in interest to the Case (including, without limitation, the Debtor and the Estate), from any and

5  all claims, causes of action and other assertions of liability (including, without limitation,

6  breach of fiduciary duty), arising out of or related to the Debtor, the Estate, the Case or the

7  exercise by such entities of their functions as members of, advisors to or attorneys for the

8  Debtor or the Committee or otherwise under applicable law, in connection with or related to

9  the Debtor, the Estate or the Case, including without limitation, the formulation, negotiation,

10  preparation, dissemination, Confirmation and consummation of this Amended Plan and any

11  agreement, instrument, or other document issued hereunder or related hereto; provided,

12  however, that neither the Amended Plan nor Confirmation Order shall have any effect on

13  liability for any act or omission of the Debtor, the Committee, the individual members of the

14  Committee, and their respective advisors and attorneys to the extent that such act or omission

15  is *ultra vires* or constitutes gross negligence, fraud, or willful misconduct.

16  **C.**    **Authority to Implement Plan**

17      Upon the entry of the Confirmation Order by the Bankruptcy Court, all matters provided

18  under the Amended Plan shall be deemed to be authorized and approved without further approval

19  from the Bankruptcy Court.  The Debtor and the Reorganized Debtor shall be authorized, without

20  further application to or order of the Bankruptcy Court, to take whatever action is necessary to

21  achieve consummation and carry out the Amended Plan and to make the contemplated Distributions.

22  **D.**    **Release and Injunction**

23      Except as expressly set forth (i) in the Amended Plan with respect to the Assumed

24  Contracts, and (ii) in the CMS Settlement Agreement, on and after the Effective Date, the

25  Debtor, the Debtor's officers and director, and the Debtor's advisors and attorneys that were

26  employed as of the date the Amended Plan was Filed (collectively, the "Releasees") shall not

27  have or incur any liability for, and are expressly exculpated, released and discharged from,

28  any claim or any past or present actions taken or omitted to be taken under or in connection

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    with, related to, effecting, or arising out of (i) the Debtor's operations between the Petition

2    Date and the Effective Date; (ii) the Case; (iii) the administration of Debtor's Cash and real

3    and personal property after the Petition Date; (iv) the pursuit of Confirmation; (v) the

4    formulation, preparation, dissemination, implementation, administration, confirmation, or

5    consummation of the Amended Plan; (vi) any other act taken or omitted to be taken in

6    connection with Debtor's businesses during the Case; or (vii) any contract, instrument, release,

7    or other agreement entered into or created in connection with the foregoing, except only for

8    actions or omissions to act to the extent determined by a court of competent jurisdiction (with

9    such order becoming a final, non-appealable order) to be by reason of such party's gross

10   negligence, willful misconduct, or fraud, and in all respects, such party shall be entitled to rely

11   upon the advice of counsel with respect to their duties and responsibilities under the Amended

12   Plan; it being expressly understood that any act or omission with the approval of the

13   Bankruptcy Court will be conclusively deemed not to constitute gross negligence, willful

14   misconduct, or fraud unless the approval of the Bankruptcy Court was obtained by fraud or

15   misrepresentation (collectively, the "Released Acts").  The releases, discharges, exculpations

16   and injunctions provided for in the foregoing paragraph are not binding on the Governmental

17   Entities to the extent inconsistent with or broader than those contained in any settlement

18   agreements between the Debtor and any Governmental Entity.  CMS's consent to any release,

19   discharge, exculpation or injunction applies only to Gordian Medical, Inc.

20       As of the Confirmation Date but subject to the occurrence of the Effective Date, and

21   except as otherwise expressly provided in the Amended Plan, all past and/or present Holders

22   of Claims or Interests, directly or indirectly, shall release, and be deemed to forever release

23   and discharge, the Releasees from the Released Acts and shall be precluded and permanently

24   enjoined from (i) commencing or continuing, in any manner or in any place, any action or

25   other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any

26   judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any lien or

27   encumbrance; (iv) asserting a right of subrogation of any kind against any debt, liability, or

28   obligation due to the Debtor, the Estate or the Reorganized Debtor; and (v) commencing or

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  continuing any action, in any manner or in any place, against the Releasees or the Reorganized

2  Debtor that does not comply with or that is inconsistent with the provisions of the Amended

3  Plan; provided, however, nothing herein shall act as a release of any Person from personal

4  liability to any creditor pursuant to a guaranty or other written instrument unless such release

5  is agreed to by the releasing party.  The releases, injunctions, and discharges provided for in

6  the foregoing paragraph are not binding on the Governmental Entities to the extent

7  inconsistent with or broader than those contained in any settlement agreements between the

8  Debtor and any Governmental Entity.  CMS's consent to any release, discharge, exculpation or

9  injunction applies only to Gordian Medical, Inc.

10  **E.    Post-Effective Date Quarterly Fees and Reports to the U.S.Trustee**

11           All fees payable pursuant to 28 U.S.C. § 1930 prior to the Effective Date, to the extent they

12  are not paid prior to the Effective Date, shall be paid by the Reorganized Debtor on the Effective

13  Date.  The Reorganized Debtor shall pay fees that accrue under 28 U.S.C. § 1930 after the Effective

14  Date until a final decree is entered in the Case, or the Bankruptcy Court otherwise orders.  The

15  Reorganized Debtor shall submit U.S. Trustee status reports with each quarterly fee paid after

16  Confirmation.

17  **F.    Post-Effective Date Status Reports**

18           Within 120 days of the entry of the order confirming the Amended Plan, the Reorganized

19  Debtor shall File a status report with the Court explaining what progress has been made toward

20  consummation of the confirmed Plan.  The status report shall be served on the United States Trustee

21  and those parties who have requested special notice pursuant to Bankruptcy Rule 2002.  Further

22  status reports shall be Filed every 120 days and served on the same entities until the Amended Plan

23  has been substantially consummated.

24  **G.    Withholding and Reporting Requirements**

25           In connection with the consummation of the Plan, the Reorganized Debtor will comply with

26  all withholding and reporting requirements imposed by any federal, state, local or foreign taxing

27  authority and all Distributions hereunder will be subject to any such withholding and reporting

28  requirements.  The Reorganized Debtor may reasonably request tax reporting information from

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1 Persons entitled to receive Distributions under the Amended Plan and may withhold the payment of

2 such Distributions pending the receipt of such tax reporting information.

3 **H.**   **Injunctions or Stays**

4      Unless otherwise provided, all injunctions or stays arising under or entered during the Case

5 under section 105 or section 362 of the Bankruptcy Code, or otherwise, and in existence on the

6 Confirmation Date, will remain in full force and effect until the Effective Date.

7 **I.**   **Discharge of Debtor**

8      Except as otherwise provided herein and in the settlement agreements between the Debtor

9 and a Government Entity, (i) the rights afforded in the Amended Plan and the treatment of all Claims

10 and Interests therein, shall be in exchange for and in complete satisfaction, discharge, and release of

11 Claims and Interests of any nature whatsoever against the Debtor and the Reorganized Debtor, or

12 any of their assets or properties, except as set forth herein; (ii) on the Effective Date, all such Claims

13 against the Debtor shall be satisfied, discharged and released in full; and (iii) all Persons and entities

14 shall be precluded from asserting against the Reorganized Debtor, its successors, or its assets or

15 properties any other or further Claims based upon any act or omission, transaction, or other activity

16 of any kind or nature that occurred prior to the Confirmation Date.  To the extent of any ambiguity

17 or contradiction between the terms of this Amended Plan and the terms of any settlement agreements

18 between the Debtor and any Governmental Entities, the terms of the settlement agreements shall

19 control.

20 **J.**   **No Admissions**

21      Except as specifically provided in the Amended Plan, nothing contained in the Amended

22 Plan will be deemed or construed in any way as an admission by the Debtor, its Estate with respect

23 to any matter set forth in the Plan, including the amount or allowability of any claim, or the value of

24 any property of the Estate.

25      Notwithstanding anything to the contrary in the Amended Plan, if the Amended Plan is not

26 confirmed or the Effective Date does not occur, the Amended Plan will be null and void, and nothing

27 contained in the Amended Plan will: (i) be deemed to be an admission by the Debtor, or the Estate

28 with respect to any matter discussed in the Amended Plan, including liability on any Claim or the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   propriety of any Claim's classification; (ii) constitute a waiver, acknowledgement, or release of any

2   Claims, Interests, or any claims held by the Debtor or the Estate; or (iii) prejudice in any manner the

3   rights of the Debtor, or the Estate in any further proceedings.

4   **K.**     **Post-Confirmation Conversion or Dismissal**

5          Prior to the issuance of a Final Decree and closure of the Case, a Creditor or party in interest

6   may bring a motion to, or the Court, *sua sponte*, after notice and a hearing, may, convert or dismiss

7   the Case under section 1112(b) of the Bankruptcy Code after the Amended Plan is confirmed if there

8   is a default in performing under the Amended Plan.  If the Bankruptcy Court orders the case

9   converted to chapter 7 after the Amended Plan is confirmed, then all property that had been property

10  of the Estate (which does not include any amount of the Contribution) will revest in the chapter 7

11  estate, and the automatic stay will be reimposed upon the revested property only to the extent that

12  relief from stay was not previously granted by the Bankruptcy Court during this Case.

13                                     **XI.**

14                        **RETENTION OF JURISDICTION**

15         The Bankruptcy Court shall retain and have exclusive jurisdiction over any matter arising

16  under the Bankruptcy Code, arising in or related to the Case or the Amended Plan, to the fullest

17  extent permitted by law including, but not limited to, the following matters:

18         **A.**     Resolution of any matters related to the assumption, assumption and assignment, or

19  rejection of any executory contract or unexpired lease to which the Debtor is a party or with respect

20  to which the Debtor may be liable, and to hear, determine, and, if necessary, liquidate, any Claims

21  arising therefrom, including those matters related to the amendment after the Effective Date of the

22  Amended Plan, and to add or delete any executory contracts or unexpired leases to the list of

23  executory contracts and unexpired leases to be assumed;

24         **B.**     Entry of such orders as may be necessary or appropriate to implement or consummate

25  the provisions of the Amended Plan and all contracts, instruments, releases and other agreements or

26  documents created in connection with the Amended Plan;

27         **C.**     Determination of any and all motions, adversary proceedings, applications and

28  contested or litigated matters that may be pending on the Effective Date or that, pursuant to the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Amended Plan, may be instituted by the Debtor or the Reorganized Debtor after the Effective Date;

2        D.    Ensuring that Distributions to Holders of Allowed Claims are accomplished as

3    provided in the Amended Plan;

4        E.    Hearing and determining any timely objections to Administrative Claims or to proofs

5    of claim Filed, both before and after the Confirmation Date, including any objections to the

6    classification of any Claim and to allow, disallow, determine, liquidate, classify, estimate, or

7    establish the priority of secured or unsecured status of any Claim, in whole or in part;

8        F.    Entry and implementation of such orders as may be appropriate in the event the

9    Confirmation Order is, for any reason, stayed, revoked, modified, reversed, or vacated;

10        G.    Issuance of orders in aid of execution of the Amended Plan, to the extent authorized

11    by section 1142 of the Bankruptcy Code;

12        H.    Consideration of any modifications of the Amended Plan, to cure any defect or

13    omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including the

14    Confirmation Order;

15        I.    Hearing and determining all applications for awards of compensation for services

16    rendered and reimbursement of expenses incurred prior to the Effective Date;

17        J.    Hearing and determining disputes arising in connection with, or relating to, the

18    Amended Plan or the interpretation, implementation, or enforcement of the Amended Plan, or the

19    extent of any Person's obligations incurred in connection with or released or exculpated under the

20    Amended Plan;

21        K.    Issuance of injunctions or other orders as may be necessary or appropriate to restrain

22    interference by any Person with consummation or enforcement of the Amended Plan;

23        L.    Determination of any other matters that may arise in connection with, or are related

24    to, the Amended Plan, the Confirmation Order, or any contract, instrument, release, or other

25    agreement or document created in connection with the Amended Plan;

26        M.    Hearing and determining matters concerning state, local and federal taxes in

27    accordance with sections 346, 505 and 1146 of the Bankruptcy Code;

28        N.    Hearing any other matter or for any purpose specified in the Confirmation Order that

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   is not inconsistent with the Bankruptcy Code;

2       O.    Entry of a final decree closing the Case; and

3       P.    Interpreting and enforcing Orders entered by the Bankruptcy Court.

4       If the Bankruptcy Court abstains from exercising jurisdiction, or is without jurisdiction, over

5   any matter, this section will not effect, control, prohibit, or limit the exercise of jurisdiction by any

6   other court that has jurisdiction over that matter.

7   <div align="center">**XII.**</div>

8   <div align="center">**MISCELLANEOUS PROVISIONS OF THE PLAN**</div>

9   **A.**    <u>**Holders of Claims and Interests as of Record Date**</u>

10       All Distributions under the Amended Plan will be tendered to the entity that is the Holder of

11   the Allowed Claim as of the Record Date unless the Reorganized Debtor receives a notice of a

12   change of address as described in Section VIII.J above.

13   **B.**    <u>**Successors and Assigns**</u>

14       The rights, benefits and obligations of any Person or entity named or referred to in the

15   Amended Plan shall be binding on, and shall inure to the benefit of, any heir, executor,

16   administrator, successor, or assign of such Person or entity.

17   **C.**    <u>**Reservation of Rights**</u>

18       The Amended Plan shall have no force or effect unless the Bankruptcy Court enters the

19   Confirmation Order except as expressly set forth herein.  The filing of the Amended Plan, the

20   statements or provisions contained herein, or the taking of any action by the Debtor with respect to

21   the Amended Plan shall not be, or shall not be deemed to be, an admission or waiver of any rights of

22   the Estate or the Debtor with respect to the Holders of Claims or Interests prior to the Effective Date.

23   **D.**    <u>**Post-Confirmation Effectiveness of Proofs of Claim**</u>

24       Proofs of Claim shall, upon the Effective Date, represent only the right to participate, to the

25   extent the proofs of Claim become Allowed Claims, in the Distributions contemplated by the

26   Amended Plan and otherwise shall have no further force or effect.

27   **E.**    <u>**Further Assurances**</u>

28       The Debtor, the Reorganized Debtor and all Holders of Claims receiving Distributions under

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    the Amended Plan, Interest Holders and all other parties in interest shall, from time to time, prepare,

2    execute and deliver any agreements or documents and take any other actions as may be necessary or

3    advisable to effect the provisions and intent of the Amended Plan.

4    **F.      Services by and Fees for Professionals**

5            As provided above in Section III.A.2.d, fees and expenses for the Professionals retained by

6    the Debtor or the Committee for services rendered and costs incurred after the Petition Date and

7    prior to the Effective Date as well as fees and expenses incurred by those professionals for the

8    preparation of their final fee applications will be fixed by the Bankruptcy Court after notice and a

9    hearing, and such fees and expenses will be paid (less deductions for any and all amounts thereof

10   already paid to such Persons) after approval by the Bankruptcy Court to the extent so approved and

11   as provided in the Amended Plan.

12   **G.      Entire Agreement**

13           The Amended Plan supersedes all prior discussions, understandings, agreements and

14   documents pertaining or relating to any subject matter of the Amended Plan.  To the extent of any

15   ambiguity or contradiction between the terms of this Amended Plan and the terms of any settlement

16   agreements between the Debtor and any Governmental Entities, the terms of the settlement

17   agreements shall control.

18   **H.      Failure of the Bankruptcy Court to Exercise Jurisdiction**

19           If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction, or is

20   otherwise without jurisdiction over any matter arising out of the Case, including any of the matters

21   set forth in the Amended Plan, neither the Amended Plan nor the Confirmation Order prohibit or

22   limit the exercise of jurisdiction by any other court of competent jurisdiction with respect to such

23   matter.

24   **I.      No Recourse**

25           No entity other than an entity entitled to receive a payment or Distribution under this

26   Amended Plan will have any recourse against the Debtor, its Estate, or the Reorganized Debtor or

27   their respective property for any obligation of or Claim against the Debtor that arose prior to the

28   Effective Date.

DOCS_LA:262432.10 03717/002                      42

**J.    Severability of Amended Plan Provisions**

If, before Confirmation, the Court holds that any Amended Plan term or provision is invalid, void, or unenforceable, the Court may alter or interpret that term or provision so that it is valid and enforceable to the maximum extent possible, consistent with the original purpose of that term or provision. That term or provision will then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the Amended Plan's remaining terms and provisions will remain in full force and effect and will in no way be affected, impaired, or invalidated. The Confirmation Order will constitute a judicial determination providing that each Amended Plan term and provision, as it may have been altered or interpreted in accordance with this section, is valid and enforceable under its terms. Should any provision in the Amended Plan be determined to be unenforceable after Confirmation, such determination shall in no way limit or affect the enforceability and operative effect of any and all other provisions of the Amended Plan.

**K.    Governing Law**

The rights and obligations arising under the Amended Plan and any agreements, contracts, documents, or instruments executed in connection with the Amended Plan will be governed by, and construed and enforced in accordance with, California law without giving effect to California conflict-of-law principles, unless a rule of law or procedure is supplied by (i) federal law (including, without limitation, the Bankruptcy Code and the Bankruptcy Rules); or (ii) an express choice-of-law provision in any document provided for, or executed under or in connection with, the Amended Plan.

**L.    Saturday, Sunday, or Legal Holiday**

If any payment or act under the Amended Plan should be made or performed on a day that is not a Business Day, then the payment or act may be completed on the next succeeding day that is a Business Day, in which event the payment or act will be deemed to have been completed on the required day.

**M.    Notices**

Any pleading, notice, or other document required by the Amended Plan to be served on or delivered to the Reorganized Debtor may be sent by first-class U.S. mail, postage prepaid, to:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

American Medical Technologies
17595 Cartwright Road
Irvine, CA 92614
Attn: David R. Simon, Esq.

With copy to:

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Attn: Samuel R. Maizel, Esq.

**N.**     **Final Decree**

Once the Amended Plan has been substantially consummated, the Reorganized Debtor shall

File a motion with the Court to obtain a final decree to close the Case.

Dated: April 27, 2015                    GORDIAN, MEDICAL, INC.,
                                         d/b/a AMERICAN MEDICAL TECHNOLOGIES

                                   By    _____
                                         Gerald Del Signore
                                         President

# EXHIBIT A

# EXHIBIT A

### Unexpired Leases and Executory Contracts to be Rejected

Contract for technical training and client support between the Debtor and
KnowledgeVision Systems.

# EXHIBIT B

# EXHIBIT B

## Gordian Medical, Inc.
## Active and Potential Litigation

| Plaintiff(s) | Defendant(s) | Status | Issue(s) |
|---|---|---|---|
| GORDIAN MEDICAL, INC. D/B/A AMERICAN MEDICAL TECHNOLOGIES | Gentell, Inc., Wound Care Concepts, Inc., Fredric A. Brotz, David A. Navazio, Kathleen E. Kennedy, Elizabeth J. Meyers, Joellen Fischer, and Peggy T. Bates | Active; Case No. 2:12-CV-05582-TON, in the U.S. District Court For The Eastern District Of Pennsylvania | Gordian alleges unfair competition, breach of contract, violations of the Pennsylvania Trade Secrets Act, tortious interference with contractual relationships. Defendants counterclaimed for abuse of process. |
| GORDIAN MEDICAL, INC. D/B/A AMERICAN MEDICAL TECHNOLOGIES | Aldona Z. Wos, in her official capacity as Secretary of the North Carolina Department of Health and Human Services; Robin G. Cummings, in his official capacity as Director of the North Carolina Department of Health and Human Services, Division of Medical Assistance; and Sandra D. Terrell, in her official capacity as Chief Operations Officers, North Carolina Department of Health and Human Services, Division of Medical Assistance | Not yet filed | North Carolina Medicaid is unlawfully refusing to pay of Gordian's cross-over claims for co-pays and deductibles. |
| GORDIAN MEDICAL, INC. D/B/A AMERICAN MEDICAL TECHNOLOGIES | Nikki Haley, in her official capacity as Governor of the State of South Carolina; Dr. Marion Burton, in his official capacity as Medical Director, South Carolina Department of Health and Human Services; Elizabeth "Beth" Hutto, in her official capacity as Deputy Director for Eligibility, Enrollment & Member Service, South Carolina Department of Health and Human Services; | Not yet filed | South Carolina Medicaid is unlawfully refusing to process Gordian's cross-over claims electronically, resulting in an extra administrative burden for Gordian and loss of revenue. |
| | Adriana Day, in her official capacity as Deputy Director for Finance and Administration, South Carolina Department of Health and Human Services | | |
| GORDIAN MEDICAL, INC. D/B/A AMERICAN MEDICAL TECHNOLOGIES | U.S. Department of Health and Human Services | Active but to be withdrawn pursuant to an agreement between the Debtor and CMS upon the Effective Date. | Freedom of Information Act Request Appeal. |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*):  **DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION [DATED APRIL 27, 2015]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 27, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **April 27, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 27, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

By Overnight Mail
Honorable Mark S. Wallace
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 6135
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 27, 2015 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:251839.3 03717/002

**F 9013-3.1.PROOF.SERVICE**

## 1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

- *Todd M Bailey    todd.bailey@ftb.ca.gov*
- *Frank Cadigan    frank.cadigan@usdoj.gov*
- *Lisa W Chao    lisa.chao@doj.ca.gov*
- *Robert F Conte    robert.conte@usdoj.gov*
- *Rebecca L Daum    kenise_taylor@tax.state.oh.us*
- *M Douglas Flahaut    flahaut.douglas@arentfox.com*
- *Marshall F Goldberg    mgoldberg@glassgoldberg.com*
- *Michael I Gottfried    mgottfried@lgbfirm.com,*
  *ncereseto@lgbfirm.com;kalandy@lgbfirm.com;marizaga@lgbfirm.com;cboyias@lgbfirm.com;rspahnn@lgbfirm.com*
- *Michael J Hauser    michael.hauser@usdoj.gov*
- *Michael R Hickman    mhickman@cwlawyers.com,*
  *ymolinar@cwlawyers.com;dvillamar@cwlawyers.com;ecline@cwlawyers.com*
- *Lance N Jurich    ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com*
- *Lance N Jurich    ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com*
- *Jeffrey L Kandel    jkandel@pszjlaw.com*
- *Teddy M Kapur    tkapur@pszjlaw.com*
- *Joseph W Kots    jkots@state.pa.us*
- *Rodger M Landau    rlandau@lgbfirm.com, marizaga@lgbfirm.com;kalandy@lgbfirm.com*
- *Rodger M Landau    rlandau@lgbfirm.com, marizaga@lgbfirm.com;kalandy@lgbfirm.com*
- *Mary D Lane    mal@msk.com, mec@msk.com*
- *Samuel R Maizel    smaizel@pszjlaw.com, smaizel@pszjlaw.com*
- *Scotta E McFarland    smcfarland@pszjlaw.com, smcfarland@pszjlaw.com*
- *Michael K Murray    mkmurray@lanak-hanna.com*
- *Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com*
- *Penelope Parmes    penelope.parmes@troutmansanders.com*
- *Misty A Perry Isaacson    , ecf@ppilawyers.com*
- *Daniel H Reiss    dhr@lnbyb.com*
- *Seth B Shapiro    seth.shapiro@usdoj.gov*
- *United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov*
- *Jeanne C Wanlass    jwanlass@loeb.com, karnote@loeb.com;ladocket@loeb.com*
- *David J Warner    David.J.Warner@irscounsel.treas.gov*
- *Elizabeth Weller    dallas.bankruptcy@publicans.com*
- *Brian D Wesley    brian.wesley@doj.ca.gov*
- *Rebecca J Winthrop    rebecca.winthrop@nortonrosefulbright.com, darla.rodrigo@nortonrosefulbright.com*

## 2. SERVED BY UNITED STATES MAIL:

|  |  |  |
|---|---|---|
| **AMERICAN MEDICAL TECHNOLOGIES**<br>Chapter 11 Case No.:  8:12-bk-12339-MW<br>2002 Service List | **Debtor**<br>Gerald Del Signore<br>Chief Executive Officer<br>American Medical Technologies,<br>dba Gordian Medical, Inc.<br>17595 Cartwright Road<br>Irvine, CA 92614 | Michael D. Watson<br>Vice President-Governmental Affairs<br>American Medical Technologies,<br>dba Gordian Medical, Inc.<br>17595 Cartwright Road<br>Irvine, CA 92614 |
| **Financial Advisor**<br>Kerry Krisher<br>GlassRatner Advisory & Capital Group LLC<br>19800 MacArthur Boulevard, Suite 820<br>Irvine, CA 92612 | David R. Simon, Esq.<br>Vice President and General Counsel<br>American Medical Technologies,<br>dba Gordian Medical, Inc.<br>17595 Cartwright Road<br>Irvine, CA 92614 | Office of the United States Trustee<br>Michael Hauser, Esq.<br>411 West Fourth Street, Suite 9041<br>Santa Ana, CA  92701-4593 |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Special Tax Counsel for Debtor
Lance N. Jurich / Christopher W. Campbell
Loeb & Loeb LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, CA  90067

Counsel to Gerald Del Signore
Penelope Parmes
Troutman Sanders LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545

Counsel for the IRS
David J. Warner
Assistant U.S. Attorney
24000 Avila Road, Suite 4404
Mail Stop 8800
Laguna Niguel, CA  92677

Angela M. Belgrove
Assistant Regional Counsel
Office of the General Counsel
US Dept. of HHS
90 7th Street, Suite 4-500
San Francisco, CA 94103-6705

Counsel for CMS
Seth B. Shapiro, Trial Attorney
U.S. Department of Justice – Civil Division
Commercial Litigation Branch
1100 L Street, NW – 10th Floor
P.O. Box 875 - Ben Franklin Station
Washington, D.C. 20044

Regulatory Counsel
Norton Rose Fulbright US LLP
Attn:  Frederick Robinson
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2623

**Requests for Special Notice**

Counsel for DeRoyal Industries, Inc.
Pagter and Perry Isaacson, APLC
Misty Perry Isaacson
525 N. Cabrillo Park Drive
Suite 104
Santa Ana, CA 92701

Joseph Kots
Department of Labor and Industry
Reading Bankruptcy and Compliance Unit
625 Cherry Street, Room 203
Reading, PA  19602-1152

Counsel for Creditor Medline Industries, Inc.
M. Douglas Flahaut
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

Counsel for Creditor Medline Industries, Inc.
Robert M. Hirsch
Arent Fox LLP
1675 Broadway
New York, NY 10019-5820

Michael E. Large
Large & Associates
529 Alabama Street
Bristol, TN 37620

Rebecca Adelman
Adelman Law Firm, PLLC
545 South Main Street, Room 111
Memphis, TN  38103

Jeffrey Schlapp
Horwitz, Horwitz & Associates, Ltd.
25 East Washington, Suite 900
Chicago, IL  60602

Jason M. Crowder
Corporate Counsel
Petersen Healthcare, Inc.
830 West Trailcreek Drive
Peoria, IL  61614

Riverside Claims LLC
Neil Herskowitz
PO Box 626
Planetarium Station
New York, NY 10024

Pioneer Credit Recovery, Inc.
26 Edward St.
Arcade, NY  14009

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:251839.3 03717/002

**F 9013-3.1.PROOF.SERVICE**